## Jason Niles et al. *v.* Winifred Davis.

1. Purchaser of Land. *Under parol sale. Subsequent conveyance. Intervening judgment-lien.*

   A vendee having acquired possession of land under a parol sale cannot set up against the rights of a judgment-creditor of the vendor a title acquired by a deed executed after the enrollment of the judgment, though made in pursuance of the parol sale. The rights of the judgment-creditor attach with the inception of the lien, and cannot be varied by any subsequent conveyance which the debtor could not have been compelled by a court of chancery to make.

2. Same. *Parol sale. Title by adverse possession. Judgment against vendor. Execution. Injunction.*

   A parol vendee of land may, as against the vendor, acquire by adverse possession, a title coextensive with the boundaries of the land, though the vendee's actual possession extend to only a part of the tract. And after such possession has ripened into a perfect title, the vendee may assert and maintain his title by a bill to enjoin a sale under an execution issued upon a judgment against the vendor, even though the judgment may have been rendered and become a lien before such title became perfect.

Appeal from the Chancery Court of Leake County.

Hon. T. B. Graham, Chancellor.

A statement of the case will be found in the opinion of the court.

*Jason Niles,* for the appellants.

It will be seen that Niles' judgment against Roby was rendered more than ten months before any conveyance from Roby either to Mrs. Allen or to Mrs. Davis. When that judgment was obtained, to whom did these lands belong? Did Mrs. Allen or her mother before her have any title, either legal or equitable, to these lands until the 16th of July, 1878? Neither of them had any deed, bond, receipt, or other evidence in writing, on which to base a claim to those lands. It would seem that a plain statement of this case would be sufficient, without any citation of authorities, so well settled is the law. When the mother of complainant paid to Roby the thousand dollars, by surrendering to him the C. C. Allen note, could she have coerced a title from Roby? All she could have done was, to have compelled Roby to refund what

she had paid. Even though Roby had been willing to make the deed, she could still have recovered back the amount paid. The contract was not enforceable in any court, either of law or equity. It was invalid. See *Hairston* v. *Jandon*, 42 Miss. 380; *Beaman* v. *Buck*, 9 Smed. & M. 207; *Box* v. *Stanford*, 13 Smed. & M. 93; *Catlett* v. *Bacon*, 33 Miss. 283. In *Beaman* v. *Buck*, the court say that a decree in favor of Beaman could not be made without giving effect to the parol contract. So in this case. In *Box* v. *Stanford*, 13 Smed. & M. 95, the court say: "The Statute of Frauds was not relied upon, either in the answer or by plea;" yet the decision of the court below was reversed and the bill dismissed, because the Statute of Frauds interposed an insurmountable obstacle to the granting of the relief prayed for.

*Raymond Reid*, for the appellee.

1. Possession is notice of the title or interest, had or held by the person in possession — the complainant in the case. 1 Smed. & M. 70, 349; 12 Smed. & M. 541; 8 Geo. 546; 43 Miss. 260.

2. Equity will not permit a sale of land, under execution, after payment of purchase-money of land, though judgment-creditor had no notice of such sale. 41 Miss. 267, 278; 7 Smed. & M. 22.

3. A judgment-creditor can only take in execution what then belonged to the judgment-debtor, and nothing more. 41 Miss. 278.

4. After the payment of the purchase-money, land is not subject to sale, as the property of the vendor. 41 Miss. 278; 2 Story's Eq. Jur., sects. 481, 651; 8 Smed. & M. 727.

5. Lapse of ten years' adverse possession by complainant, and her ancestor, vests title. 28 Miss. 129; 35 Miss. 504; 55 Miss. 764. A deed to land, executed after a verbal sale, refers back to such sale. 53 Miss. 676.

6. A verbal sale is voidable, and not void. 48 Miss. 23, 33; Hill on Vend. 118; and no avoidance by vendor.

COOPER, J., delivered the opinion of the court.

In the year 1869, one Roby was the owner of the lands in controversy, and made a parol sale thereof to Mrs. Allen, who was appellee's mother. Mrs. Allen paid the purchase-money and entered into the possession of the property, upon which there was at the time a dwelling-house and between thirty and seventy acres of land fenced and under cultivation. After the sale Roby never exercised any acts of ownership over any portion of the land. In 1876 Mrs. Allen died, leaving the appellee, her sole heir at law, in possession of the property. In 1877 the appellant Niles recovered a judgment against Roby, which was duly enrolled and recorded. In 1878 Roby, by a deed reciting the facts of the previous sale to Mrs. Allen, conveyed the lands to the appellee.

In 1881 Niles sued out an execution under his judgment, and having levied upon the lands, advertised them for sale by the sheriff. The appellee filed the bill in this cause against Niles and the sheriff to perpetually enjoin the sale. By it she charges the parol sale, the possession and death of her mother, her own possession since that event, and the conveyance from Roby. There is no distinct allegation of any acts of ownership done by her mother or by herself over the lands other than those which are enclosed and in cultivation, nor is there any evidence showing such acts other than that it is generally shown that the appellee and her mother have since the parol sale been in possession of the lands, residing upon them and cultivating or receiving rents for so much thereof as is in cultivation. On final hearing the injunction was made perpetual, and from that decree the defendants appeal.

Two questions are presented by the record : First. Are the rights of a parol vendee, who has paid the purchase-money due, and who has entered upon and is in possession of the land, superior to those of a judgment-creditor of the seller. Second. Is the Statute of Limitations available as a defence to the complainant under the facts shown in the record?

It is well settled in this State that neither payment of the

purchase-money nor improvement of the property will take a case out of the operation of the Statute of Frauds. *Beaman* v. *Buck*, 9 Smed. & M. 207; *Box* v. *Stanford*, 13 Smed. & M. 93.

A parol vendee may recover from the seller the purchase-money paid for the land, but cannot under any circumstances compel the specific performance of the unwritten contract. By such purchase no right or interest, either legal or equitable, is acquired in or to the land; there is no contract recognized by law and therefore none which can be enforced by the courts. Possession of lands by the grantee in an unrecorded deed, or by the obligee in an unrecorded bond for title, or by one having an equitable interest enforceable in chancery, is notice to the world of the extent and character of the interest held by the occupant in the land occupied.

But such possession cannot be notice of any other right than such as the party may have in or to the land itself, and one who occupies under a parol contract of purchase cannot set up as against the judgment-creditor of the parol vendor a title acquired after the enrollment of the judgment, though made in pursuance of an antedating parol sale. The rights of the creditor are fixed by the condition of affairs as they existed at the time of the inception of his lien, and cannot be varied by any subsequent conveyance which the debtor could not have been coerced by the courts to make.

Has the complainant's title become absolute by lapse of time? As to so much of the land as lies within the enclosure and was in cultivation at the time of the purchase by her mother, over which continuous acts of ownership have been exercised since the year 1869, her title would seem beyond doubt to be established. Her mother entered claiming not in subservience to the title of the parol vendor, but claiming as owner. She and complainant have, for a length of time sufficient to confer title by limitation, been in the exclusive, notorious, adverse, and hostile occupation, certainly of that portion enclosed and cultivated, and to that extent at least complainant was entitled to

the relief sought.   The appellee can only assert a right com-
mensurate with that which his judgment-debtor had at the
time of the rendition of the judgment against him, and this
right it was incumbent upon him to enforce by proceeding
against the land before the title of the complainant became
valid by lapse of time.   The title which would have been con-
ferred upon a purchaser at execution sale under appellant's
judgment could not have been successfully asserted in an
action of ejectment against the appellee.   It would therefore
have been but a cloud upon her title ; and as a court of equity
would cancel the title of such purchaser, if, in fact, the sale
under execution had been made, there is no reason why it will
not prevent the creation of the cloud by interfering before the
sale.   As to all the land actually enclosed and cultivated by
the complainant and her mother, under whom she claims, as
we have said, the title of complainant has become valid by
lapse of time.   The remaining question for determination is,
whether the complainant has been in the actual or construc-
tive possession of the remaining portion of the tract, that
which is not inclosed and of which there has been no *possessio
pedis*.   The possession of a mere trespasser or intruder is
limited by law to so much of the land as is within his actual
occupation, while one claiming under a written recorded title
has a constructive possession to the extent of the boundaries
described in his deed.   Though the complainant has no writ-
ten deed or contract to support her claim to the property, she
is in under a parol agreement, which is good as color of title.
*Magee* v. *Magee*, 37 Miss. 138 ; *Gladney* v. *Barton*, 51 Miss.
216 ; *Davis* v. *Bowman*, 55 Miss. 671.   While there are many
cases in which the doctrine that a parol sale or gift of lands
is sufficient to give color of title to the vendee or donee, we
have been unable to discover any case in which the question
whether the parol sale or gift extends the boundaries of the ten-
ant's possession to those of the whole tract, though only a part be
actually occupied ; but we think that as against the parol vendor
or donor, the law will impute possession in the vendee or

donee to all the lands comprised in the verbal contract or gift. A mere trespasser in possession of land is restricted to so much only as is actually occupied by him, because no one can tell what are the limits of his claim. otherwise than by the evidence afforded by his occupancy, while one in possession, claiming under a written instrument, gives to the world notice of the extent of his claim. But one who claims under a parol sale, and to whom possession of the land has been yielded by the vendor, certainly as against the vendor gives notice by the mere occupancy of a part of the land purchased of his claim to the whole. Such occupancy is evidence of a claim under the contract, and the contract, though void by the Statute of Frauds, embraces the whole body of land. The delivery of possession by the vendor is an admission by him that the vendee enters claiming as owner to the extent of the right which would have been conferred if the sale had been evidenced by a formal deed. It is not a question of the validity of the title, but of the character and extent of the possession, and of this the vendor has notice, not by the character of the occupancy, as being visible and notorious, but by the very contract to which he is a party. Possession, to give title under the Statute of Limitations, is required to be visible, notorious, hostile, and continued, to the end that all others having a claim to the property may have notice of the claim of the occupant, and having notice they must contest his right within the time fixed by law, or the presumption will be conclusive that they have yielded to the title asserted by the occupant.

In the case before us it is distinctly charged by the bill, and the charge is supported by the evidence, that Mrs. Allen purchased all the lands described as levied on; that she entered into possession, claiming under the parol sale; that her right was recognized by her vendor who, since the sale, has exercised no acts of ownership over the lands or any part thereof; that Mrs. Allen during her life, and the complainant since her death, have been in such possession more than ten years immediately succeeding the levy of the execution. These facts,

we think, were sufficient to establish as against the parol vendor an adverse possession which has ripened into a perfect title to all the lands, both those actually occupied and culti-vated and those not enclosed and over which no decisive acts of ownership were exercised other than the taking possession. And as the title of the parol vendor is barred, so also would be that of a purchaser under execution against him.

The decree is affirmed.