## F. H. HARTMAN v. NANCY NETTLES.

TITLE. *Color of. Sufficiency of to base a claim by adverse possession. Case in judgment.*

In 1859 E. executed a deed to a certain tract of land to N. In 1862 E. executed a deed to this same tract to the wife of N., this being done, as alleged by N. and wife, to correct the mistake of taking the first deed in the name of N. instead of the wife. N. and wife lived on the land more than twenty years after both deeds were made, the wife all the while claiming it as her own. The husband recognized this claim, but he cultivated the land and used the proceeds as his own. In 1885 H., a judgment-creditor of N., caused an execution to be levied on the land as the defendant's property. The wife enjoined the sale under the execution. *Held*, that the deed to the wife, though not effective to convey title to her, was sufficient color of title to ripen into a perfect title by lapse of time; and that the husband is barred by limitation to assert his claim, and hence his creditor, H., is also barred.

APPEAL from the Chancery Court of Lincoln County.

HON. LAUCH MCLAURIN, Chancellor.

In 1859 one John Evans conveyed a certain tract of land to F. D. Nettles, husband of Nancy Nettles, and the deed was duly recorded in that year. In 1862 Evans conveyed this same land to Nancy Nettles and the deed to her was recorded soon after its execution. In 1882 F. H. Hartman recovered a judgment against F. D. Nettles, and in 1885 caused an execution thereunder to be levied on the land above referred to. Thereupon Mrs. Nancy Nettles exhibited her bill to enjoin the sale, setting out the above facts and alleging that her husband bought the land with her money and that the first deed was taken in his name by mis-

take, he believing that it was in the name of his wife, not being able to read, and that the second deed was given to correct this mistake, and that she has ever since the first purchase in 1859 been in continuous adverse possession of this land, claiming it as her own.

The defendant, Hartman, answered, denying that the land was purchased with the money of Mrs. Nettles, and denying that she had been in adverse possession of the same for more than ten years, and charging that the land was purchased with the money of F. D. Nettles and that he had been in possession of the same ever since his purchase.

On the trial it was shown that Nettles and wife had lived on the place together ever since the purchase; that Nettles had cultivated it, buying supplies therefor and selling the crops grown in his own name and with the consent of his wife; that the wife always claimed the land as her own and that Nettles always assented to her claim; that it was generally known in the neighborhood that Mrs. Nettles claimed the land and she was supposed to be the owner; that the land was assessed in the name of F. D. Nettles "up to a few years back," but that the assessment was changed to the name of the wife at her request. The Chancellor granted a perpetual injunction against the sale under the execution. Several witnesses testified that the money paid by Nettles as the consideration for the first deed was the money of his wife. After a final decree had been entered for the complainant, the defendant filed an affidavit to the effect that he had exercised the most diligent efforts before final hearing to get testimony; that since the final decree he had found two witnesses who were familiar with the whole matter and who would swear that the money paid by Nettles for the conveyance taken in his own name was his own money and not that of his wife, and asked that the final decree be set aside and a rehearing be granted him. This the Chancellor refused to do, and the defendant appealed.

*Nugent & McWillie*, for the appellant.

The previous deed of Evans and wife had divested their title in favor of F. D. Nettles, complainant's husband, and at the date of

the subsequent conveyance to her they had nothing in the way of title to impart. The deed to the husband is in due form and all the requirements of the law in respect to acknowledgment and registration were observed, and there is no reason why it was not a good conveyance of all the lands included in it. The parol evidence offered by the complainant is inadmissible for the purpose of proving any intention contrary to that expressed in the instrument, and the intention there set out is of a transfer of the property to the husband. Complainant hopes to avoid the effect of the rule excluding parol evidence as to the intention of the parties by the suggestion that the husband did not accept the deed, which is itself obnoxious to the same objection.

The acceptance of the grantee is implied in all conveyances, and the reasons given for the principle of the common law are as strong now as when first enunciated : "1. Because there is a strong intendment in law that it is for a person's benefit to take, and no man can be supposed unwilling to do that which is for his advantage. 2. Because it would seem incongruous and absurd that when a conveyance is completely executed on the grantee's part, the estate should continue in him. 3. Because if the operation of a conveyance was allowed to be in suspense, and to defeat the agreement of the party to whom it was made, there would be an uncertainty of the freehold." II Greenleaf's Cruise on Real Property 305. The acceptance is presumed where the deed is entirely for the benefit of the grantee. *Wall* v. *Wall*, 1 George (Miss.) 91; *Bullitt, Miller & Co.* v. *Taylor*, 5 Ib. 708; *McGehee* v. *White*, 2 Ib. 41.

Both the law and the facts of the case appear to be against the conclusion reached in the court below, and we submit the decree should be reversed and the injunction dissolved as to the lands levied on, which are embraced in the deed of 1859.

*H. Cassedy*, for the appellee.

1. I insist that there was no acceptance of the deed of 1859, that Evans did not part with title until by the deed of 1862.

In *McGehee* v. *White*, 31 Miss. 46, this court says : " The mere acceptance of an instrument of writing, the nature and extent of which were unknown to him, could not be construed into an accept-

ance so as to affect the rights of another party interested in the transaction."

2. Mrs. Nettles had acquired a perfect title to the land by adverse possession and actual occupancy under at least color of title through the deed of 1862.

COOPER, C. J., delivered the opinion of the court.

On the facts disclosed by the record relative to the possession of the lands in controversy, claimed under the conveyance made to her by Evans in 1862, and recognized and acquiesced in by the husband from that time, it is wholly immaterial whether the purchase-money was paid by the husband or by the wife. The parties to this conveyance mistakenly supposed that Evans, who had conveyed the lands to the husband, could by a subsequent deed to the wife revoke the conveyance to the husband and vest the legal title in the wife. But this deed, though ineffectual of and by itself to vest any title in the wife, was sufficient color of title to ripen into a perfect one by the lapse of time. She has held possession under it for more than twenty years, claiming the land as her own, and though the husband has also resided upon the premises and cultivated the lands, his occupancy has been in recognition of and in subordination to the wife's claim, and not in his own right as owner. Under such circumstances the husband would be barred by limitation of any action to recover the possession from the wife, and since the husband is barred so also is the creditor, since he could only subject to sale under execution the interest of the husband in the land. *Niles* v. *Davis,* 60 Miss. 750.

*The decree is affirmed.*