### SIMON DAVIS v. FRANK DAVIS ET AL.

1. STATUTE OF LIMITATIONS. *Land. Parol gift. Adverse possession.*
   Under a statute limiting actions for the recovery of land to ten years, adverse possession, though under a parol gift, if continued for ten years, confers a perfect title.

2. SAME. *Adverse possession. Writing not necessary. Code* 1880, § 1188.
   Such acquisition of title is not prevented by § 1188, code 1880, which provides that "no estate of inheritance or freehold, or for a term of more than one year, in lands or tenements, shall be conveyed," unless by writing. The title in such case does not pass by parol gift, but by the lapse of time.

3. ADVERSE POSSESSION. *Occupancy of part. Extent of claim.*
   One who enters under a parol gift of an entire tract, though actually occupying only a part, will, as against his donor and those holding under him, be deemed in possession of the whole; and facts which tend to show the character of his entry and the extent of his claim may be given in evidence in an action affecting his title.

FROM the circuit court of Attala county.

HON. C. H. CAMPBELL, Judge.

Ejectment by appellant against appellees.

On the trial it was not controverted that the plaintiff was originally the owner of a tract of 240 acres, including the 40-acre tract in controversy. The defendants claim under a parol gift from the plaintiff, entry thereunder and continuous adverse possession for more than ten years before the institution of this suit. It is fairly established by the evidence that about the year 1878, defendant, Frank Davis, who is a step-son of plaintiff, settled upon the 40 acres in controversy, and continued to occupy it with his wife, the co-defendant, as a home, up to the bringing of this suit in 1889. It is claimed by defendants that their entry.was made under a parol gift by the plaintiff, and that the possession was recognized by plaintiff as being adverse. This contention is denied by the plaintiff, but, as the conflict of evidence as to these matters was settled favorably to defendants by the verdict of the jury, it is not necessary to set out the evidence.

By the 5th instruction given for defendants, the court instructed

the jury that the burden of proof was upon plaintiff to satisfy the jury by the preponderance of the evidence that he was entitled to recover, and if the jury were not so satisfied, they should find for defendants.   An instruction asked by plaintiff to the effect that the only question to be determined was that of the character of defendants' possession, and that the burden of proof to establish their title growing out of possession was upon defendants, was refused.

It is also assigned for error that the court instructed the jury that actual adverse possession of part, under a parol gift of the whole tract, and continuous claim of ownership, if continued for ten years, would confer title to the whole.

Judgment for defendants; motion for new trial overruled, and plaintiff appeals.

*Anderson & Davis* and *Brantley & Smith*, for appellant.

1. Section 1188 of the code is a plain, positive prohibition against any kind of a conveyance or a transfer of title, except by a written instrument.   This is not a part of the general statute of frauds. We submit that under this statute it was incompetent to allow parol testimony to establish color of title.

2. It is well established that the possession of land is co-extensive with the boundaries set forth in the written muniments of title.   Where there is no written muniment, the doctrine of *pedis possessio* applies.

It was error to instruct that possession of a part could be deemed possession of the whole.   It is admitted that plaintiff was in constructive possession of the land in controversy when defendant entered ; so their possession could only extend to the land actually inclosed and occupied by them.   Two persons cannot be in the constructive possession of the same land at the same time.   If both are claiming the land, the one with legal title must prevail.   1 Am. & Eng. Enc. Law, 261 ; 61 Tex. 81 ; *Niles* v. *Davis*, 60 Miss. 750, which seems to hold to the contrary rule, was decided under different facts and circumstances.   In that case the vendor acknowledged and acquiesced in the right of the purchaser, and never claimed any interest or exercised control or ownership over the

land, and did not occupy a part of the tract. In the case at bar, plaintiff was residing upon a part of the same tract, and has all the while exercised acts of ownership over the whole land. There are some authorities which hold that possession under such a parol gift as defendants rely on cannot become adverse. 52 Ala. 304; 65 Ib. 294; 67 Ib. 221.

3. It was error to put the burden of proof upon the plaintiff. That the burden of proof is usually upon the plaintiff is a sound proposition of law, but here plaintiff had made out his case by showing legal title and also possession. Defendants relied alone upon adverse possession, and the burden of proof rested upon them. 80 Cal. 605.

*S. L. Dodd*, for appellees.

A parol gift of land may ripen by actual possession into a perfect title. *Geohegan* v. *Marshall*, 66 Miss. 676; *Davis* v. *Bowmar*, 55 Ib. 671; 6 Metc. 337; 13 Conn. 227; 2 B. Mon. 282; 21 Conn. 413; 8 Cow. 587; 3 Watts, 372; 4 Gray, 197; *Magee* v. *Magee*, 37 Miss. 138; 59 Ib. 586.

A parol sale or agreement is good as color of title. *Niles* v. *Davis*, 60 Miss. 750; *Gladney* v. *Barton*, 51 Ib. 216.

The rulings of the court conform to these authorities, and the verdict will not be disturbed.

COOPER, J., delivered the opinion of the court.

It is too well settled by decisions of this court, and by innumerable authorities in other states, that a claim of title under a parol gift or purchase, accompanied by entry and adverse holding, may ripen into an indefeasible title by the lapse of statutory period of limitation, to admit of present argument or contention.

*Magee* v. *Magee*, 37 Miss. 138; *Davis* v. *Bowmar*, 55 Ib. 671; *Niles* v. *Davis*, 60 Ib. 750; *Geohegan* v. *Marshall*, 66 Ib. 676; *Campbell* v. *Braden*, 96 Penn. St. 388; *Clark* v. *Gilbert*, 39 Conn. 94; *Steel* v. *Johnson*, 4 Allen, 425; *Outcalt* v. *Luiton*, 32 N. J. 239; *Bartlett* v. *Secot*, 56 Wis. 520; *Potts* v. *Coleman*, 67 Ala. 222; *Colins* v. *Johnson*, 57 Ib. 304.

The suggestion of counsel that § 1188, code 1880, which declares that "no estate of inheritance or freehold, or for a term of more than one year, in lands or tenements shall be conveyed from one to another, unless the conveyance be declared by writing, signed and delivered," prevents the title from vesting in the occupant under such circumstances, is met by the reply that title does not pass by the parol gift or sale, but by the lapse of time operating under the law upon the adverse possession.

In *Niles* v. *Davis*, 60 Miss. 750, it was held that a parol vendee entering under his purchase was, as against his vendor and those claiming under him, in possession of the whole land, though only a portion should be actually occupied. This rule, though announced in that case for the first time in this state, had been silently recognized in *Davis* v. *Bowmar*, 55 Miss., and has been distinctly formulated and applied in other states.

In *Bell* v. *Longnorth*, 6 Ind. 273, the court said : "When a party is in possession of land, claiming an adverse title, the question must always arise to what extent does his claim reach. What land does his claim of title cover? And when there is nothing but naked possession to evidence it, his title must, from necessity, be limited to the lands over which he has exercised a visible authority, known to others as owner ; to those in short, from which he has excluded the former owner and others. A man cannot go, solitary and alone, to the prairies or forests of the West, set himself down in the middle thereof, and claim that he possesses all, to an undefined extent, not then actually possessed by some one else. He must be limited to that portion over which he exercises palpable and continuous acts of ownership, as being the quantity which he claims as his own, there being no other evidence in such case to enable us to determine the quantity. But where a party is in possession under and pursuant to a state of facts which, of themselves, show the character and extent of his entry and claim, the case is entirely different, and such facts, whatever they may be in a given case, perform sufficiently the office of color of title. They evidence the character of the entry and extent of the claim, and no colorable title does more, for such colorable title alone does not give right."

68 Miss.—31

---

---

In *Rannels* v. *Rannels*, 52 Mo. 112, a parol gift of the land had been made, the donee entered thereunder and remained in possession for the statutory period. It was held that her possession was of the whole tract, though only a part was actually occupied.

In *Hughes* v. *Israel*, 73 Mo. 538, the parties to a deed undertook by verbal contract to rescind the deed, and the grantor thereafter remained in the actual possession of a part of the land, claiming title under the oral rescission : it was held that his possession extended to the whole tract described in the deed.

We find nothing in the facts of this case as developed on behalf of the defendant withdrawing it from the operation of the principle of the decision in *Niles* v. *Davis*. That these facts are controverted by the plaintiff is immaterial, since the jury must determine by its verdict what the truth is, and, this being done, all opposing evidence is unavailing.

But the court below erred in refusing the 10th instruction asked by the plaintiff and in giving the 5th instruction for the defendant. It is true the burden of proof on the whole case was upon the plaintiff, but the defendant by his evidence and by his whole defense recognized the title to have been originally in the plaintiff, and claimed the land only by virtue of the parol gift or sale, followed by his adverse occupancy for the period of limitation. The real question was whether by reason of this affirmative defense the right of the defendant had become perfect against the otherwise confessed legal title of the plaintiff. On this, the only issue, the burden was upon the defendant and not upon the plaintiff, and the court should so have instructed. *Geohegan* v. *Marshall*, MS. Op., Book "M," p. 410. 1 Am. & Eng. Ency. of Law, 303.

*The judgment is reversed.*