W. P. MASSEY v. S. P. RIMMER.

69    667
81    228

ADVERSE POSSESSION.  *Husband and wife.  Statute once started not stopped.*

>  Where a husband altered a deed by erasing his name as grantee, and inserting his wife's, intending thereby to vest title in her, and she thereafter claimed the land, occupying it with him until his death, and afterwards with their children, the statute of limitations began to run in her favor during the life of her husband, and continued uninterrupted by his death, and, after ten years, vested title in her, even against the heirs of her husband.  *Hartman* v. *Nettles*, 64 Miss., 495.

FROM the circuit court of Attala county.
HON. C. H. CAMPBELL, Judge.

Ejectment by appellee against appellant. The land in controversy, consisting of two hundred acres, was originally owned by one Riddle, who conveyed it, in 1869, to D. B. Massey by a deed, which the latter withheld from record. Prior to his death, in 1871, Massey altered the deed by erasing the initials of his name as grantee, and inserting those of his wife. This was for the purpose of vesting title in her, as she testifies, because she was dissatisfied with his having sold a place belonging to her.

Massey continued to occupy the land with his wife and family until his death, in 1871, and, after that, the widow and children remained in possession until the bringing of this suit in 1891, the widow, M. A. Massey, having meantime married one Pope. In 1886, she and her husband executed a trust-deed on the land to secure a debt due by them to appellee, Rimmer, and this was renewed several times, and was finally foreclosed by the trustee, and the land sold and conveyed by him to appellee. Before this, the appellant, W. P. Massey, son of D. B. Massey, had bought the interests of the other heirs, and claimed to be the sole owner of the land.

Rimmer testified that, when he extended credit to Mrs. Massey, then Mrs. Pope, and took th > trust-deed, he required her to exhibit her deed, and place it on  in  ord, and that he did not notice the erasures.   W. P. Massey, the defendant, testified that, after the death of his father, the land was claimed by all the heirs as tenants in common, and there was other evidence tending to show this; but the circuit court, before which the cause was tried without a jury, found, as a fact, that after the alteration of the deed, Mrs. Massey claimed the land as owner, and that her possession was adverse to the heirs of her husband, and this finding of fact is approved by this court.

The judgment of the court was in favor of the plaintiff, and defendant, W. P. Massey, appeals.

*Dodd & Armistead*, for appellant.

Title by adverse possession did not accrue to Mrs. Massey, because:   1. There was no entry under color of right and claiming title against the world.   2. There was no public and notorious possession in her, giving notice to all other claimants of her claim.   Her possession was not exclusive.   *Dixon* v. *Cook*, 47 Miss., 220; *Davis* v. *Bowmar*, 55 *Ib.*, 671.   3. The changing of the deed by substituting her initials for those of her husband was a nullity, and conferred no title on her, and could not estop the heirs of the husband.   Bigelow, Estop., 286–288.   4. Rimmer saw the altered deed before taking the trust-deed, and is chargeable with notice of all the facts, and cannot invoke the doctrine of estoppel against the heirs of Massey.   *Ib.*, 520, 541.   5. Mrs. Massey had only a dower interest, not recoverable in ejectment, and therefore the action must fail entirely.

*Allen & McCool*, for appellee.

It is not controverted that Massey changed the deed in order to vest title in his wife.   By doing so he gave her the power to impose a fraud on innocent parties, and he and his

privies are estopped to assert title in themselves. The evidence is that Rimmer did not know of the alteration.

In any event, the widow alienated her dower interest, and plaintiff should recover that. The judgment is in accordance with both law and equity. The following authorities are cited: *Dickson* v. *Green*, 24 Miss., 612; *Ragsdale* v. *Railroad Co.*, 54 *Ib.*, 200; *Davis* v. *Bowmar*, 53 *Ib.*, 671; *Kelly* v. *Wagner*, 61 *Ib.*, 299; *Rickets* v. *Money*, 62 *Ib.*, 209; 28 *Ib.*, 414; 58 *Ib.*, 37, 552, 815; 61 *Ib.*, 275, 452. On the doctrine of estoppel, see Bigelow, Estop., 331, 332; Herman, Estop., 720–728.

The finding of fact is abundantly supported by the evidence. It is manifest that the claim of W. P. Massey is an after-thought, and was interposed only after Rimmer withheld his advances to the family, and foreclosed his trust-deed.

CAMPBELL, C. J., delivered the opinion of the court.

D. B. Massey, in his life-time, having erased his name from the deed which vested title in him, and inserted his wife's name in the deed instead of his own, for the purpose of vesting the title in her, and she having held the land as owner by virtue of this arrangement, the statute of limitations commenced to run in her favor in the life-time of her husband, and continued uninterrupted by his death, and, after the lapse of ten years, perfected her title as against the heirs of her deceased husband. *Hartman* v. *Nettles*, 64 Miss., 495.

*Affirmed.*