BROOKS-SCANLON CO. *v.* CHILDS.

[74 South. 147, Division A.]

ADVERSE POSSESSION. *Color of title. Parole grant.*

A parol vendee of land entering under his purchase is as against his vendor and those claiming under him, in possession of the whole land, though only a portion is actually occupied but the doctrine of parol color of title to establish constructive adverse possession of lands not actually occupied, has no application as against strangers to his title.

APPEAL from the circuit court of Marion county.
HON. A. E. WEATHERSBY, Judge.

Trespass by E. H. Childs against the Brooks Scanlon Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Dale & Rawls, Griffith & Wallace,* for appellant.

(1) The written color, if there be any written color at all in this case, is for six hundred and forty acres, and appellee himself introduces it, stands, on it, insists upon it and his privity thereto. This is evidence.

(2) The claim is therefore presumed to be co-extensive with the color brought forward and to the whole of it, and if the claim is to be reduced it must be by affirmative testimony of actual and definite fact, and so descriptively so in their notoriety as the actual adverse possession itself. There is no evidence whatever of such definite and descriptive claim of other than the six hundred and forty acres.

(3) Possession of so small an area as two patches of three and eleven acres will not constructively extend to so large a tract as six hundred and forty acres. There is no proof of any use of this land outside of the patches, and indeed the constructive possession would not even extend to one hundred and twenty acres, without proof that the remainder thereof, outside these small enclosures was "used in connection with the land actually possessed, and only to so much as is reasonable and proper for the purpose according to the custom of the country." There is no proof of this in the record and the testimony in the brief of counsel on that is inadmissable and we object on the ground that the witness has not been sworn.

(4) That if the color is not to the six hundred and forty acres then it rests in parol and confessedly in parol if Corley sold Childs any other than the whole six hundred and forty acres of which there is not a syllable of testimony and we go further and say that as a matter of fact in any event the color here is in parol for Childs admits that Corley made him no deed and his purchase from Corley was purely a parol one, and constructively adverse possession does not apply in parol except as between donor and donee and those in privity with them. Counsel say we have found no authority for this proposition. The

quotation in our original brief bottom page five and top of page six, is from the opinion of the supreme court of Alabama in *Tennessee Coal Company* v. *Linn,* 123 Ala. 133, cited under note 41 (a) to C J. 196, and that is to partially re-quote.

"The doctrine of extending the adverse possession under a parol contract of sale to the boundary of the land as fixed by the contract is limited in its application to cases between vendor and vendee and those in privity with them."

And we repeat that every case in Mississippi admitting the doctrine of constructive possession under parol is a case as between vendor and vendee on their privileges; counsel for appellee has cited no case extending the doctrine; we have after a diligent search found none, and the Alabama case is the only case found, which we cite, declares the rule we quote. If it were otherwise the law, certainly it would in the course of so long a time, with so many decided cases on the subject of adverse possession, have been by some respectable court so determined and the opinion published.

*Mounger & Ford,* for appellees.

The facts shown on the trial of this cause were overwhelming that the appellee, E. H. Childs, entered on the land in controversy and went into the actual possession and occupation thereof in the year 1892 at the latest, and remained in such actual, open, notorious and exclusive possession and occupation of this land, claiming the same for a period of fourteen years or more, and the appellant is driven to the necessity of accepting this as a fact, but the appellant seeks to break the force of this state of facts by contending that the appellee's actual possession of a part of this land cannot be extended by construction to the whole thereof, because appellant contends that appellee was without color of title and could not acquire title to any more of this land than was actually occupied by the

appellee. His contention is that a parol sale or gift of land cannot constitute color of title except as between the parties to the transaction, or those in privity with them. The appellant is not able to cite any authority in support of this proposition, but apparently gets some comfort out of the opinion rendered in the case made it unnecessary for the court to pass upon the proposition advanced by the appellant. In that case it appeared that a vendee under parol purchase or gift, had actual possession of a part of a tract of land, and of which he claimed possession of under his gift or parol purchase, and the court said that as between the parties there could be no question but that the law would impute possession in the vendee to all the lands within the calls of the parole contract or gift. Nothing in the opinion of the court in that case lends any support to the proposition contended for by the appellant, but we insist that under familiar rules and the facts of this case, that the rule of law contended for by appellant might be admitted to be a correct rule on a proper state of facts, but as having absolutely no application to the facts of this case. We insist that the appellee Chiles did not have color of title to the land in controversy when he entered on the same and went into the actual possession thereof. *Thompson* v. *Weisman* (Texas), 82 S. W. 503; *Davis* v. *Davis,* 68 Miss. 478.

The question then suggested by the argument contained in the appellant's brief is, will the actual possession and occupation of fifteen acres of a one hundred and twenty acre tract under color and claim of title to the whole for a period of ten years and more, give title to the whole by prescription. The rule of law settled in this state long ago and never departed from, is well stated in the case of *Hanna* v. *Renfro,* reported in 32 Miss. 125; *Davis* v. *Davis,* 68 Miss. 478; *L. & N. R. Co.* v. *Gulf of Mexico Land & Improvement Company,* 82 Miss. 188. The cases of *Wilson* v. *Williams' Heirs,* reported in 52 Miss. 487, is authority for the proposition that "where a person buys

land and takes a deed of conveyance, his possession of it, when he takes possession, is co-extensive with the boundaries defined in the deed.''

In conclusion, we submit that the matters raised by the appellant for reversal of this cause, are frivolous and that the case should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellee, E. H. Childs, filed suit in the circuit court of Marion county against the appellant, Brooks-Scanlon Lumber Company, in an action of trespass. The declaration alleged that the plaintiff was in possession and was the owner of certain lands therein described, and that the defendant without the consent and over the protest of plaintiff burned one hundred and twenty-four panels of plaintiff's fense of the value of twenty-five cent per panel, and boxed for turpentine purposes the trees on about one hundred acres of plaintiff's land. The defendant pleaded the general issue, and gave notice thereunder that it would prove that the title to the land was not in the plaintiff, but was in the defendant. The testimony in the case failed to show the fence of plaintiff was burned by any of the agents or employees of the defendant. The principal contention in the case is whether or not the appellee is the owner of the lands which were boxed for turpentine purposes by appellant. The testimony showed that the lands involved in this controversy were swamp and overflowed lands, the title to which was granted the state by the United States under the act of Congress approved September 28, 1850. The state granted this land to Dave Stock in 1883, and by successive conveyances this record title is now vested in the appellant. The testimony of the appellee showed that under a void patent the state of Mississippi granted this land to the Pearl River Improvement & Navigation Company in 1871. Also appellee introduced a forfeited tax patent from the state to Samuel Huggins, dated May 2, 1881, which patent was void because the state had not at that time parted with its title to this land as swamp and

overflowed land. Huggins sold this land (section 35) to
C. W. Tynes in 1889. Tynes sold the land by parol in about
the year 1890 to one Corley. Corley built a cabin, a crib,
and a smokehouse on the land, and cleared up about four-
teen acres of it, and inclosed the field with a fence. He
lived there about two years, and then sold the same by
parol to appellee. It seems that each party in making a
parol sale of this land would turn over to his vendee the
void deeds obtained from the state of Mississippi and the
deed from Huggins to Tynes. The appellee went into
possession of the land and cultivated the fourteen acres
that had been cleared. He has had actual possession of
this cleared land since 1892, and is claiming a construc-
tive possession of the lands involved in this controversy
(which controversy does not involve the fourteen acres of
cultivated land) by virtue of his alleged parol color of
title. The testimony of appellee does not positively show
just how many acres he bought from Corley, but from an
examination of his entire testimony it is evident that he
means that he bought all of the land claimed by his ven-
dor. From a reference to the void patent and deed turned
over to appellee, it is clear that his vendor, if he claimed
any other land except that actually cultivated, claimed
the entire section 35. However, counsel for appellee limit
this claim in their brief to the one hundred and twenty
acres of land described in the declaration. The cultivated
land is not a part of the land involved in this suit. There
is no claim whatever that plaintiff had actual possession
of the lands in suit. His claim is based solely upon a con-
structive possession under parol color of title. Neither
Huggins, Tynes, nor Corley ever had title to this land.
If the parol color of title of appellee were valid as such,
then he has a good title by virtue of this possession since
1892. The appellant asserts a hostile and different title
to that of appellee. In a great many states it is held that
there is no such thing as a parol color of title. In fact the
great weight of authority sustains this view of the ques-
tion.

"As heretofore shown the weight of authority is to effect that a written instrument is necessary to give color of title, and where this view prevails a vendee or donee in possession under a parol gift or purchase holds without color of title, although his vendor may have what would be color of title in him if he were in possession of the premises. But in jurisdiction where a written instrument is unnecessary a person holding under parol purchase or gift is considered as holding under color of title." 2 Corpus Juris, section 393, p. 196.

See, also, section 326, p. 170, Id.

"The authorities do not agree as to the necessity of having 'color' of title evidenced by a writing. In many states a writing is considered to be indispensable either as a matter of general law, or because of statutory requirements. In some jurisdiction, however, it is recognized that color of title may exist in the absence of a writing. Thus it has been asserted that one may be in possession under color of title, although he entered by virtue of a parol contract of sale. So, color of title may be acquired by descent cast upon heirs by the death of the ancestor, even though the ancestor was originally a trespasser, and in possession under claim of right only. Where the ancestor was never in possession, however, a conveyance to the ancestor cannot avail his heirs as color of title upon their taking possession after his death, and an exhaustive examination of the cases discloses that, outside of the acquisition of color of title by 'descent cast' as above mentioned, statements to the effect that a writing is unnecessary have resulted from the unwarranted intermingling of the terms 'color' and 'claim' of title which has been spoken of heretofore. That one may acquire a good title to land by the open and notorious possession thereof for the required time, as his own, is beyond question. Such occupancy, however, is clearly one under 'claim' of right, and not under 'color' of title, and, of course, will be effective where the original entry was under an oral contract of sale, or under a parol gift, or

under any other parol agreement. But it will be observed that the efficacy of the acquired title does not depend on the fact that the entry was had under the oral gift or agreement, but, rather, that it was maintained under a claim of right. It would, in such case, have been just as effective even if its origin had been tortious." 1 R. C. L. section 21, p. 708.

See, also, section 23, p. 711, Id.; 88 Am. St. Rep. 701, note; 15 L. R. A. (N. S.) 1215 note.

In this state this court has recognized parol color of title of a vendee as against his vendor and those claiming under him. In the case at bar the appellant does not claim under the vendor of the appellee, but is a stranger to the title claimed by appellee. We decline to apply the doctrine of parol color of title to any other parties, except the vendor and those claiming under him. When a vendor puts his vendee in possession of land under a parol sale, he knows the limit and the claim of the vendee to this land. As to him it is unnecessary that there should be a visible, actual occupation of the entire tract, because of his actual knowledge of the claim of ownership. But to an entire stranger this reason does not apply. The stranger is bound by the actual adverse possession for the required number of years. This visible possession puts him upon inquiry as to its duration. If the vendee in possession has a deed to the land whether void or voidable, then this deed shows the limits of his claim, and a vendor would therefore be put on notice of that claim. However, where a vendee has no deed, if he be in possession of a small tract of land of only fifteen or twenty acres and could be allowed to say, "I am claiming one hundred and sixty or six hundred and forty acres because of a parol purchase from John Smith," the door would be thrown wide open to fraudulent and false claim under alleged parol color of title. In the previous decisions of this court between vendee and vendor or those claiming under the vendor, the court has realized that this doctrine should be carefully

limited, as is shown by the following quotation from *Niles* v. *Davis,* 60 Miss. 750:

"While there are many cases in which the doctrine that a parol sale or gift of lands is sufficient to give color of title to the vendee or donee, we have been unable to discover any case in which the question whether the parol sale or gift extends the boundaries of the tenant's possession to those of the whole tract, though only a part be actually occupied; but we think that as against the parol vendor or doner, the law will impute possession in the vendee or donee to all the lands comprised in the verbal contract or gift. A mere trespasser in possession of land restricted to so much only as is actually occupied by him, because no one can tell what are the limits of his claim otherwise than by the evidence afforded by his occupancy, while one in possession, claiming under a written instrument, gives to the world notice of the extent of his claim. But one who claims under a parol sale, and to whom possession of the land has been yielded by the vendor, certainly as against the vendor gives notice by the mere occupancy of a part of the land purchased of his claim to the whole. Such occupancy is evidence of a claim under the contract, and the contract, though void by the statute of frauds, embraces the whole body of land. The delivery of possession by the vendor is an admission by him that the vendee enters claiming as owner to the extent of the right which would have been conferred if the sale had been evidenced by a formal deed. It is not a question of the validity of the title, but of the character and extent of the possession, and of this the vendor has notice, not by the character of the occupancy, as being visible and notorious, but by the very contract to which he is a party. Possession, to give title under the statute of limitations, is required to be visible, notorious, hostile, and continued, to the end that all others having a claim to the property may have notice of the claim of the occupant and having notice they must contest his right within the time fixed by law, or the presumption will be conclusive

that they have yielded to the title asserted by the occupant.''

In referring to this case the same able jurist who wrote the opinion above quoted from says:

''In *Niles* v. *Davis,* 60 Miss. 750, it was held that a parol vendee entering under his purchase was, as against his vendor and those claiming under him, in possession of the whole land, though only a portion should be actually occupied. This rule, though announced in that case for the first time in this state, had been silently recognized in *Davis* v. *Bowmar,* 55 Miss. 671, and has been distinctly formulated and applied in other states.'' *Davis* v. *Davis,* 68 Miss. 478, 10 So. 70.

In all of the cases in this state in which the doctrine of parol color of title has been upheld the suits were between the vendor or those claiming under him and the vendee. It is also worthy of remark that in those cases the vendor had a good title to the lands in controversy. In this case neither the vendor of appellee nor those under whom he claimed ever had any title to this land. So far as the lands in controversy are concerned, there was no actual possession attempted to be exercised over them by appellee. He had no color of title to them, and therefore has had no constructive possession of them. The lower court submitted the case on instructions to the jury. This was error. The peremptory instruction asked by the defendant should have been given.

Reversed, and judgment here for appellant.

*Reversed.*