JOSEPHINE M. PADEN ET AL. v. JOSIAH T. GIBBS ET AL.

[40 South. Rep., 871.]

UNLAWFUL DETAINER. *Code* 1892, *ch.* 142, § § 4461–4475. *Description of premises. Surveys. Evidence. Entry against will of. occupant.*

Under Code 1892, ch. 142, § § 4461–4475, providing the action of unlawful entry and detainer:

(*a*) The land sued for must be described with sufficient accuracy to enable an officer under proper process, should a judgment be rendered for the plaintiff, to remove defendant therefrom without the aid of inquiry, dehors the record; and

(*b*) The action is a possessory one in which title is not involved, and surveys and proofs of occupation are admissible only to show location, and that defendant was or was not in possession; and

(*c*) An entry on land against the will of the occupant is sufficient to warrant the action, without other proof of "force, intimidation or fraud."

FROM the circuit court of Clay county.

HON. J. T. DUNN, Judge.

Gibbs and another, the appellees, were plaintiffs in the court below; Mrs. Paden and another, the appellants, were defendants there. From a judgment in plaintiffs' favor the defendants appealed to the supreme court. The action was unlawful entry and detainer. The facts upon which the decision turned are stated in the opinion of the court.

The description of the land sued for was carefully and minutely given, in the complaint upon which the suit was based, as being in "section 2," while the proof clearly shows that it was in section 3. The plaintiffs did not ask to amend the description in the complaint. After hearing all the proof for both parties, the court gave a peremptory instruction to find for the plaintiffs.

*A. F. Fox,* for appellant.

It is understood that the strip of land from which Paden is said to have been ousted is in section 3 and not in section 2; that Paden is not now and never has been in possession of any land in section 2. Therefore, the defendants in this case were entitled to recover all costs, and the judgment was erroneous.

Gibbs never had any right of action because he never claimed ownership of or right of possession to any land in section 3, and all of the land in controversy is in section 3, and while the question of title cannot be tried in a proceeding like this, still the title can be looked to to determine the right of possession.

This action does not lie under any provision of sec. 4461 of the Code of 1892, which provides that any one deprived of the possession of land by force, intimidation, fraud, strategem, stealth, etc., shall be entitled to the remedy. Neither Henderson nor Gibbs were deprived of the possession of this land by force, intimidation, fraud, strategem or stealth.

*Sterling G. Ivey,* for appellees.

It makes no difference, for the purposes of this suit, whether the land in controversy is in section 2, 3, or some other section. Appellants disclaimed possession of any land in section 2, but the complainant goes further and describes the land as the land appellees were in possession of on a certain day, and turned out of possession by appellants. If appellants had disclaimed possession of the land described in the complaint, that would have ended the suit. Title is not involved in this action. *Cummings* v. *Kilpatrick,* 23 Miss., 106; *Clymer* v. *Powell,* 56 Miss., 672.

All the testimony in regard to a survey was incompetent and should have been ruled out. The court below announced that title was not involved in this action, but reserved its rulings to most of the objections to the testimony, and at the close considered it unnecessary to rule on the objections, as a peremptory instruction was given for plaintiffs.

All that is necessary to show in an action of this kind is the

peaceable and actual possession at the time of the defendant's forcible entry. 13 Am. & Eng. Ency. Law, 747.

It is contended that this action does not lie under the provisions of sec. 4461 of the code of 1892, which provides that any one deprived of land by force, intimidation, fraud, strategem, stealth, etc., shall be entitled to the remedy. The learned attorneys for appellant say that neither Henderson nor Gibbs were deprived of possession of this land by force, intimidation, fraud, strategem, or stealth.

Under the early English statutes and those of later times based upon them and similar in their provisions, it must appear that the plaintiff was deprived of or kept from the possession of the premises in question by actual force or appearances tending to inspire a just apprehension of violence. 13 Am. & Eng. Ency. Law (2d ed.), 757, and cases there cited.

But under our law, by the decision of this court, "an entry upon land against the will of the person in possession, however quietly made, is forcible in legal contemplation." *Scales* v. *Williams,* 80 Miss., 234 (s.c., 31 South. Rep., 707).

CALHOON, J., delivered the opinion of the court.

This is a proceeding under Code 1892, ch. 142, on "Unlawful Entry and Detainer," in which proceeding the plaintiff describes the land as being in section 2. The defendants entered a disclaimer of any possession at any time of the land described.

It is urged that, although the affidavit describes the land as being in section 2, still it is enough that, after careful description, it proceeds: "Being the same land that was in the possession of W. F. Henderson, tenant of J. T. Gibbs, up to the 26th day of May, 1903, when the said Henderson was turned out of possession of said land by the above named," etc. We cannot take this view. The record must be so certain that the sheriff could go to the land from the description there to be seen. He could not do this in section 2, and he could not act on inquiry *dehors* the record. This being a possessory action only, title is

not involved, of course; but surveys and proof of occupation are admissible merely to show location, and that the land occupied was not that the possession of which is claimed, but in a wholly different section.

We do not agree with appellants that, if the claim be proved in correspondence with the description, still it must fail because of lack of "force, intimidation, fraud," etc., under the statute. An entry against the will of him in possession is sufficient to warrant the proceeding.    Whether there was agreement to the entry is for the jury to settle on the evidence.

*Reversed and remanded.*