### DELK *v.* HUBBARD *et al.*[*]

(Division A. April 22, 1929. Suggestion of Error overruled May 13, 1929.)

[121 So. 845. No. 27894.]

870

*Corpus Juris-Cyc References: Adverse Possession, 2CJ, section 342, p. 179, n. 99; section 497, p. 230, n. 99; section 585, p. 264, n. 79; Deeds, 18CJ, section 61, p. 179, n. 85.

*S. M. Graham,* for appellant.

*L. P. Spinks,* for appellee.

Cook, J. The complainants Lou Hubbard, widow of Daniel Hubbard, and the several children of Lou and Daniel Hubbard, as the heirs at law of said Daniel Hubbard, deceased, filed their bill of complaint in the chancery court of Kemper county against Joe Delk, seeking to cancel, as a cloud on their title, defendant's claim to all that part of the southwest quarter of southwest quarter of section 20, township 9, range 18 east, which lies west of the right of way of the Mobile & Ohio Railroad Company, containing thirty-five acres more or less, and to confirm complainants' title to said land and to enjoin the defendant from trespassing upon or in any wise interfering with complainants in their use and occupancy of said land, and from a decree adjudging that complainants had acquired said land by averse possession and granting the prayer of the bill of complaint, this appeal was prosecuted

As proof of title by adverse possession, the appellees offered testimony to show that they made one sale of timber growing on this quarter section, and that they had cultivated several disconnected patches thereon, amounting to, in the aggregate, from three to ten acres, according to the varying estimates of the several witnesses, and that they had paid the taxes assessed thereon. Neither Daniel Hubbard, now deceased, nor any of the appellees, ever lived on the land or on land adjacent thereto; there was no building on this quarter section of land, and no part of it was ever fenced, and, while there was evidence that a large part of the land was susceptible of cultivation, none of the appellees cleared any of it except to cut the briers from certain small patches. The appellees offered in evidence a deed dated October 23, 1901, from N. A. Childs to Daniel Hubbard, which

purported to convey "a fractional part of the southwest quarter or southwest quarter of Section 20, Township 9, Range 18 East, containing thirty-five acres more or less, being in Kemper county, Mississippi." There was an objection interposed to the introduction of this deed on the ground that the description of the land sought to be thereby conveyed was void for indefiniteness, and the court held that this deed was void and excluded it from the evidence.

On appeal, counsel for the appellees seems to contend that this deed was admissible as color of title, and that with this deed in evidence as color of title the appellees' actual possession of a part of the land gave them constructive possession of the entire tract to the extent of the boundaries attempted to be described in the deed.

It is settled law in this state that a void deed may operate as color of title, an that one claiming under such a deed who is actually in possession of a part of the land described therein has constructive possession to the extent of the boundaries described in the deed (*Hammer* v. *Yazoo Delta Lumber Co.*, 100 Miss. 349, 56 So. 466; *Niles* v. *Davis*, 60 Miss. 750); but this can have no application, and cannot be true where the deed is void for lack of sufficient description to identify or convey the land attempted to be described, for the reason that, in such case, there are no boundaries described in the deed to give notice of the extent of the claim. This rule is announced in 2 C. J. at page 177, where it is said: "It is elementary law that a deed is color of title only as to land actually described in it. All the decisions hold that it is necessary that the extent of the claim should be defined by the deed." And, again, at page 179, the rule is announced that: "The same certainty of description which is requisite to constitute an instrument a conveyance of title is required in an instrument which is relied on as color of title. The deed must describe the land with sufficient certainty to identify it."

The deed here in question was manifestly void for indefiniteness or uncertainty of description, and without the aid of extrinsic evidence which would add to, enlarge, or change it, the description therein could not be fitted to the land claimed by the appellees in their bill, and therefore the alleged deed was insufficient to operate either as a conveyance or as color of title, and was not admissible in evidence for any purpose. Appellees then have no color of title to the quarter section of land, and could only acquire title by adverse possession to such part of the land as was actually held in possession and continuously occupied for the statutory period. This rule is announced in *Dedeaux* v. *Lumber Co.*, 112 Miss. 325, 73 So. 53, in the following language: "The appellees, having no color of title to Section 38, could only acquire title by adverse possession to such part of the land as was actually held in possession and inclosed, or otherwise actually and continuously occupied for the statutory period of ten years."

The proof in this record wholly fails to show what, if any, particular parts of this tract of land were actually and continuously in the possession of the appellees, and therefore no relief could be awarded on the bill of complaint. The decree of the court below will therefore be reversed and a decree will be entered here dismissing the bill.

*Reversed and dismissed.*