Evans *et al. v.* Shows *et al.*

(Division A.   Jan. 3, 1938.)

[177 So. 786.   No. 32924.]

W. F. Latham, of Quitman, for appellants.

**A. B. Case**, of Waynesboro, for appellees.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a decree of the chancery court of Clarke county, canceling the claim of title of appellants to certain land, and also directing the issuance of a writ of possession in favor of appellees and declaring them to be the legal owners of the land in controvery.

All parties to the suit claim title through John Calvert and wife, Cassie Calvert, as the common source. The proof establishes a perfect chain of record title from such common source by deeds of conveyance and mesne conveyances until the same became vested in appellees. As against this legal title, appearing of record without material defect or irregularities, the appellants claim the legal title to the land both by inheritance as heirs at law of the Calverts and by deed of April 15, 1930, from one S. B. Kirkland made pursuant to a purchase by him of the land at a tax sale on April 2, 1928, for "20 acres in the NE part of section 3, township 10, range 6 west in Clarke County, Mississippi," whereas the land involved in this suit is situated in the northwest portion of said section, township, and range. Hence, these two claims are wholly insufficient, as will appear from the foregoing statement, to constitute even color of title.

Appellants also claim the land by adverse possession for more than the statutory period of ten years necessary to confer title. However, there is no proof that either John Calvert or his wife asserted any claim to the land adversely to their grantees subsequent to the execution of their deeds of conveyance, or that they, prior to the death of the survivor of them, gave any notice or knowledge of their claim, if any they made, to their vendees during their continuance in possession, which was until the year 1917.

The rule to the effect that when a person makes a deed of conveyance of land he cannot by remaining in possession claim by adverse possession in hostility to his own deed has been modified or departed from by our court to the extent, and to the extent only, that he may bring notice or knowledge of such adverse claim to the attention of his vendee, and henceforth claim the same by adverse possession. The record fails to show that this was done by the grantors in the present case.

It is shown, however, that from and after the death of John Calvert and his wife some of the appellants used, cultivated, and claimed as their own in severalty, for more than the statutory period of ten years, without paying or agreeing to pay any rent, small patches of land scattered about over the original Calvert tract, while other appellants paid rent to the predecessors in title of the appellees at one time or another on small patches used and cultivated by them. As to those who cultivated and claimed by continuous adverse possession for more than ten years certain patches of the land in severalty, without recognizing in any manner the title of the appellees, it is not shown as to what area in particular was so used, cultivated, and claimed by them, and there was no evidence from which the court below could determine their location.

All the land was placed under fence by John Calvert and has continued to so remain, and while color of title coupled with actual possession of a part of the land

would constitute constructive possession of the whole it is equally true that without color of title by parol gift, deed, or other writing, adverse possession gives title only to the land actually and continuously used, cultivated, or occupied. Dedeaux v. Bayou Delisle Lumber Company, 112 Miss. 325, 73 So. 53.

The deed from S. B. Kirkland to the appellants, which was for land other than that involved in this suit, was not executed until April 15, 1930, pursuant to his purchase at the tax sale of April 2, 1928, and in view of the further fact that the Calverts, who were the original owners and common source of title, had conveyed the land prior to their death, the appellants have not claimed under any color of title whatever for the statutory period. Therefore, the proof of adverse possession on the part of any of the appellants was not sufficient, for the reasons hereinbefore stated, to defeat the record title, and the decree in favor of the appellees should be affirmed.

Affirmed.