BULLOCK *et al. v.* GREER *et al.*

(Division B.   Feb. 21, 1938.)

[179 So. 264.   No. 33053.]

J. N. Yawn and Tullis Brady, both of Brookhaven, and Lotterhos & Travis, of Jackson, for appellants.

E. B. Sauls, Jr., of Brookhaven, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

This cause originated in a justice of the peace court in Lincoln county, the action being one of replevin filed by the appellant against C. N. and Cyril Greer. The justice of the peace entered judgment in favor of the plaintiffs, from which judgment appeal was taken to the circuit court by the appellees, the appellee C. N. Greer not signing the bond, and disclaiming interest in the trial in the circuit court.

The subject matter of the replevin suit was wood blocks cut from certain lands lying south of the old channel of Myers creek in section 5, township 5, range 8. The channel of the creek had been changed by a cut-off. The original channel of Myers creek ran in somewhat of a semicircle through the Bullock lands, about 12 acres lay south of the old creek channel. The appellants introduced deeds showing that the lands involved in their description had been patented from the government, and that the deed records of the county had been destroyed in 1905. The lands, with others, owned by the Bullocks, as shown by their deed, was the N. E. ¼ of N. E. ¼ of section 5, and the E. ½ of N. W. ¼ of N. E. ¼ of section 5, all in township 5, range 8.

The record shows that B. F. Bullock and Demaris Bullock, his wife, executed a deed to S. E. Bullock in 1902, conveying these lands; and that in October, 1907, a deed was executed by S. E. Bullock and wife to Demaris Bullock, conveying back to her the said lands. The appellants were the sons of Demaris Bullock, who died in 1918. The lands had also been sold for taxes, and she had acquired the tax title.

. During the lifetime of Mrs. Demaris Bullock she had filed a suit to confirm her title against all persons having claim to the lands above described, excepting from the bill and decree 12 acres lying south of Myers creek. No specific person was made defendant to that suit, and, after her death, her administrator revived it in the names of the appellants, her sons, and decree was entered in 1919, after the death of Mrs. Demaris Bullock, confirming the title against all persons having any claim to the land lying north of Myers creek. Subsequent thereto, about 1928, during an overflow a new channel was cut by the creek, south of the old creek channel, containing about 3 acres lying between the two channels, and it was from this land that the timber in question was cut.

The appellants introduced proof to show that about 1915 one Hodges, who owned the land known as the Brent place in the record, and the father of appellants, acting for his wife, built a fence along the southern border of the property embraced in the deed of Bullock, supposed to be the dividing line, and treated at the time as the line between Mrs. Bullock and Hodges. Evidences of this old fence were found by the surveyor who surveyed the lines before the trial of this cause in the present controversy, and the line was found to be but a little distance from this old fence line. There was conflict in the evidence as to where the old fence line was, the witnesses testifying to different locations—that is to say, some of the witnesses for defendant claimed that

the old fence was near the old channel of Myers creek, while witnesses for the plaintiff claimed that it was some distance south of the new channel, and near where the true lines of the governmental subdisivions were run by the surveyor. Evidence for the plaintiff showed that timber had been removed from this 12 acres by the Bullocks and persons having the land in charge for them; while the testimony for the defendants showed that some timber had been cut by the owners of the land now known as the Brent place. The Brent deed was derived from C. D. Hodges and R. E. Hodges to Mrs. Caroline Cook, of date March, 1915, and it conveyed the N. E. ¼ of the S. E. ¼, and the S. E. ¼ of the N. E. ¼ and the E. ½ of the S. W. ¼ of N. E. ¼, section 5, township 5, range 8, stating in the deed that Myers creek was the boundary on the north side.

Appellees also introduced a deed of trust from J. J. Boyd and Lula Boyd to Lincoln county, dated October, 1918, conveying land described as the S. E. ¼ of N. E. ¼ and the N. E. ¼ of S. E. ¼ and the E. ½ of the S. W. ¼ of N. E. ¼, section 5, township 5, range 8, containing 100 acres, more or less, and stating that Myers creek was the line on the northern boundary. They also introduced the trustee's deed by J. A. Naul, substituted trustee, to Lincoln county, dated January, 1928; and deed from Lincoln county to J. W. Brent, conveying the same land, with the same statement that Myers creek was the boundary.

These deeds were objected to by the appellants, because the land was described by governmental subdivisions, and the statement contained in them that the creek was the boundary on the north did not constitute evidence to extend the calls of the deed to the boundary from the governmental subdivision to the creek named.

There was also a deed introduced by appellees from Britt Hall to Sarah Price, dated August, 1877, conveying "the N. E. ¼ of S. E. ¼ and that part of 3 H. ½

of N. E. ¼ south of Myers Creek and 3 H. ½ of S. W. ¼ south of Myers Creek, Sec. 5, Township 5, Range 8.''

As stated above, the evidence as to the facts in respect to possession and use was conflicting, and there was no other evidence than that as to the old fence line in 1915 to show any agreement between the owners of the tracts as to a boundary. In this state of the evidence the court below sustained a motion for a peremptory instruction, and entered judgment for the appellee Cyril Greer. Cyril Greer, defendant in the court below, derived whatever right he had from Brent. It will be seen from the statement of the case that the description called for by the deeds of the respective parties placed the land from which the timber was cut upon that land which was embraced in Bullock's deeds. The circuit judge must have been under the impression that the description in the decree and bill for the confirmation of the title of Mrs. Demaris Bullock established the line at the old Myers Creek channel. This was an erroneous assumption. The suit was not between the owners of the Brent tract and Mrs. Demaris Bullock to establish a boundary line, or to settle the location of the land here involved, as between them. The suit did not involve the title to the 12 acres lying south of the old Myers creek, and in the calls of Mrs. Bullock's deeds. Nothing at all was said in the bill and decree with reference to whom the owner of this land was. There is not sufficient evidence to warrant a peremptory instruction in behalf of the appellee. The occupation by the owner of a part of the land extends to the call of his deed, and no further. In other words, a person in possession of part of a tract of land, by having possession of that part, will be deemed to be in possession of all the land called for in the deed, providing no other person is occupying it; but possession does not extend beyond the calls, and, to obtain title by adverse possession to land outside of the calls of one's deed, there must be actual and ex-

clusive adverse occupancy under claim of right or ownership. The evidence here does not show exclusive adverse possession on the part of the appellees; at most the evidence shows a scrambling possession, not exclusive possession. On the contrary, the evidence shows, or tends to show, possession by another under a claim of right for a part of the time, at least. Possession of land unexplained is presumed to be in subordination to the rightful title, regardless of the length of the possession. Neal v. Newburger Co., 154 Miss. 691, 123 So. 861; Leavenworth v. Reeves, 106 Miss. 722, 64 So. 660.

The land in controversy, from which the timber was cut and removed, is clearly shown to be within the calls of plaintiff's deed, with some possession and use shown by the testimony of the plaintiff, which is disputed by testimony for the defendant. The plaintiff was in possession of parts of the land within the calls of his deed, and this possession extends his occupancy to the boundary of the land called for in his deed; and it would take actual, exclusive, and continual adverse possession by another to deprive him of the benefit of the rule extending his possession to the limits of the land described in his deed.

It follows from what we have said that the court below was in error in granting the peremptory instruction for appellee, and the judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Reversed and remanded.