KERSH *et al. v.* LYONS *et al.*

(In Banc.   Dec. 6, 1943.)

[15 So. (2d) 768.   No. 35453.]

Howie, Howie & McGowan, of Jackson, and **John H. Holloman**, of Columbus, for appellants, Mrs. Mary Edwards Kersh, et al.

602

**H. G. Gwinnup**, of Jackson, for appellants, Sinclair Wyoming Oil Company, Mrs. Margaret Fouche Sorrells et al.

Henry & Barbour, Campbell & Campbell, and Miss Ruth Campbell, all of Yazoo City, for appellees.

608

Argued orally by **M. M. McGowan** and **H. W. Gwinnup,** for appellants, and by **Miss Ruth Campbell** and **W. H. Barbour,** for appellee.

**McGehee, J.**, delivered the opinion of the court.

The principal questions presented for decision here are: (1) Whether or not Mrs. Carrie B. Edwards, deceased, and her predecessor in title, C. C. Sibley, who was her father and from whom she inherited, and both of whom were respectively and successively the undisputed owner of the record title to 295 acres of land which include the SE¼ of Section 30, Township 10 North, Range 2 West in Yazoo County, Mississippi, had also acquired prior to October 27, 1928, title by adverse possession, and without color of title, a strip of land on which oil is now being produced and which is estimated to be worth approxi- $200,000, containing about 7 acres in area off the West side of the SW¼ of the SW¼ of Section 29 of said township and range as against the undisputed owners suc- cessively of the record title to 764 acres of land which included the entire SW¼ of said Section 29 and other lands adjacent to the said 7 acres and on the South side thereof, and which said SW¼ of SW¼ is now owned by Mrs. Margaret Fouche Sorrels by inheritance from her mother, Mrs. Mary A. Fouche; (2) whether or not, if the above stated inquiry is answered in the affirmative, the appellee, George Stutts, as vendee of the said Mrs. Carrie B. Edwards under warranty deed of October 27, 1928, of the said 295 acres, including the SE¼ of Section 30, as aforesaid, described in said deed by governmental sub- divisions, and who was according to the mutual intention of the grantor and grantee, as disclosed by the great preponderance of the testimony and all of the surround- ing facts and circumstances, put in possession of the 7- acre strip in controversy as if the same constituted a part of the SE¼ of the SE¼ of said Section 30 instead of a part of the SW¼ of the SW¼ of said Section 29 belong- ing to the said Mrs. Margaret Fouche Sorrells, is pre- cluded under the law from claiming title by adverse possession to the said disputed area of land prior to October 27, 1935, against the appellants, Mrs. Mary

Edwards Kersh and the other heirs of Mrs. Carrie B. Edwards, deceased, because of the fact that contemporaneously with the delivery of the deed to the said George Stutts on October 27, 1928, and as part of the same transaction, he executed a deed of trust in favor of R. R. Norquist, trustee for the benefit of his said grantor and to secure the payment of the purchase price of the land so purchased, in annual installments over a period of years ending on October 27, 1935, and which said installments were not paid except in accordance with the terms of the deed of trust, it being the contention of said appellants that as to them the possession of the said George Stutts of the land in controversy did not, and could not, become adverse until the deed of trust was fully paid and satisfied in 1935, less than ten years prior to the filing of this suit; and to emphasize which contention they invoke a provision of the deed of trust to the effect that he was expressly granted permission by the beneficiary therein to hold the possession of the land until the indebtedness was fully paid or until demanded or taken possession of for the purpose of foreclosure in the event of default, a right given him by virtue of Section 2128, Code of 1930, except for condition broken, without the necessity of such stipulation in said instrument, and which statute provides, among other things, that: "The mortgagor or grantor shall be deemed the owner of the legal title of the property conveyed in such mortgage or deed of trust, except as against the mortgagee and his assigns, or the trustee after breach of the condition of such mortgage or deed of trust;" and (3) whether or not the trial court abused its discretion in allowing the complainant George Stutts and those claiming mineral leases under him to amend their bill of complaint, after the trial had been in progress for three or four days, so as to conform to the proof as to the intention of the grantor and grantee to include the disputed area in the conveyance, as being a part of the SE¼ of the SE¼ of said Section 30 therein described, and the existence of

which mutual intention the appellants, Mrs. Mary Edwards Kersh and G. C. Edwards, daughter and son, respectively, of the said Mrs. Carrie B. Edwards, deceased, were unwilling to deny as witnesses at the trial in view of all of the attendant facts and circumstances.

There is also submitted for our consideration by the appellants, Mrs. Margaret Fouche Sorrells and her mineral lessees, the alleged inadmissibility of certain testimony heard and considered by the chancellor relating to the reputation of a certain fence as a dividing line, and which will be dealt with in the discussion of the first proposition hereinbefore enumerated.

The court below rendered a decree in favor of the appellee George Stutts and his mineral lessees, C. H. Lyons and others, whereby the claims of the appellants Mrs. Mary Edwards Kersh and the other heirs of Mrs. Carrie B. Edwards, deceased, and of their mineral lessees, together with the claims of the said Mrs. Margaret Fouche Sorrells and her mineral lessees, were all cancelled as clouds upon the title held by the appellee George Stutts and his said mineral lessees, and from which decree this appeal is prosecuted.

It is to be conceded that the appellant Mrs. Margaret Fouche Sorrells and her predecessors in title of the 764 acres of land, including the SW¼ of SW¼ of Section 29 of which, according to the governmental survey, the seven acres in controversy are a part, are entitled to have their possession treated as co-extensive with the calls of their deeds of conveyance which constitute the record title of said lands, in the absence of an actual, adverse and continuous use or occupancy on the part of someone else. Bullock et al. v. Greer et al., 181 Miss. 190, 179 So. 264; and Lawrence v. Byrnes, 188 Miss. 127, 193 So. 622. And, it is also true that George Stutts and his predecessors in title of the SE¼ of SE¼ of Section 30, and who were without color of title by parol gift, deed, or other writing to any part of the disputed 7 acre tract, can claim title by adverse possession to such portion only

as was actually and continuously used, cultivated or occupied, adversely to the owner of the record title. Dedeaux v. Bayou DeLisle Lbr. Company, 112 Miss. 325, 73 So. 53; Delk v. Hubbard, 153 Miss. 869, 121 So. 845; Evans v. Shows, 180 Miss. 518, 177 So. 786.

The facts in the instant case, however, as disclosed by the great preponderance of the evidence contained in this voluminous record of more than 1,100 pages, are that C. C. Sibley, as holder of the record title to the 295 acres now owned by the appellant George Stutts, went upon said land and established his home on the 7 acres in controversy, replaced an old rail fence with three strands of barbed wire on the same fence site, running North and South on the East side of this disputed area, the same as if it had been a part of the SE¼ of SE¼ of said Section 30 to which he held the record title, and that this fence has been sufficiently maintained to serve as an effective enclosure on the East side of the fields and pastures in use on said seven acres of land, for more than thirty-one years prior to the filing of this suit, forming a part of the entire enclosure of the farm of the said C. C. Sibley and of his daughter, Mrs. Carrie B. Edwards, who later inherited the 295 acres from him. That on October 27, 1928, when said land was sold by the said Mrs. Carrie B. Edwards to the appellant George Stutts, who had been a tenant on the farm during the lifetime of C. C. Sibley, the said grantor then suggested to her said grantee that he should repair the fence which enclosed the place so that it would keep cattle from troubling him and interfering with his crops, which enclosure included the fence heretofore mentioned, and that she thereupon put her said grantee in possession of the disputed area the same as if it had been a part of the land specifically described in her deed of conveyance, and thereafter visited the premises from time to time, inspected his crops to ascertain whether they would be ample to enable him to meet the annual purchase money installment, and thereby had an opportunity to observe that he was in

possession of the disputed area, cultivating and pasturing the land, selling timber therefrom without objection from anyone and exercising the same acts of ownership and control thereof as he would have done if it had been specifically described in the deed of conveyance as a part of the land for which he had agreed to pay the consideration called for therein. That while the evidence is in conflict on the issue as to whether the disputed area was situated within a complete enclosure for a full period of ten years prior to the purchase of George Stutts and for another full period of ten years subsequent thereto, the proof is ample to sustain the affirmative of such claim. That shortly after the execution of the deed by the said Mrs. Carrie B. Edwards and pursuant to her suggestion, as aforesaid, and in the exercise of his rights as owner of the land, George Stutts put his enclosure in a better state of repair, using about 4,000 new posts for that purpose. And, the proof further discloses that portions of the disputed area were cultivated while other portions were separately enclosed as a pasture, and that these separate portions were pastured and cultivated alternately in such manner and for the required period of time to constitute actual and continuous use in the manner required to confer title by adverse possession as against the holders of the record title for more than thirty-one years and as against all persons in favor of the said George Stutts for more than ten years prior to the filing of this suit.

There is no substantial proof that anyone else, including the appellant Mrs. Margaret Fouche Sorrells and her predecessors in title, has had any sort of possession of the disputed area during the period aforesaid as opposed to the possession, use and occupancy of George Stutts and his predecessors in title, except in isolated instances by his permission and consent, other than such constructive possession as would have otherwise adhered to the record title of the owner of the SW¼ of the SW¼ of

Section 29, on the West side of which the disputed area is situated.

It would unnecessarily prolong this opinion to review here in substantial detail the facts and circumstances testified to by numerous witnesses in support of the conclusions stated in the foregoing paragraphs. We deem it sufficient to state that the finding of the chancellor in that behalf is amply supported by the testimony and that if such finding on the issue of adverse possession had been otherwise it would have been contrary to the great weight of the evidence.

As to the claim of the appellants, Mrs. Mary Edwards Kersh and the other heirs of Mrs. Carrie B. Edwards, deceased, which is set forth as the second proposition hereinbefore stated for decision, it seems that they take the position that George Stutts did not acquire the 7 acres in controversy as a part of the land described in the deed of conveyance to him from the said Mrs. Carrie B. Edwards and is nevertheless precluded from claiming title by adverse possession as against the said grantor or her heirs on account of having given a deed of trust to secure the purchase money in which there was only described the same land conveyed by the deed. But, most assuredly, if her grantee did not get title to the disputed area under the deed, then he did not convey it to the trustee under the deed of trust, using the same description as was contained in his deed. It would be inconsistent to hold that he did not acquire the title to the seven acres under the deed and that nevertheless he became disqualified to claim adversely to his grantor when he executed a deed of trust to secure the purchase money in her favor, describing the same land mentioned in the deed and no other.

But, it is further contended by the said appellants that George Stutts is also precluded from acquiring title adversely to his grantor of any land contiguous to that actually described in the deed and deed of trust, and the title of which is alleged to have remained in his grantor.

A sufficient answer to this contention is that the 7-acre disputed area was mutually understood by the grantor and grantee to be a part of the consideration for which the latter executed the purchase money mortgage, and that having fully paid the purchase price, neither the grantor nor her heirs could successfully assert any valid claim thereto. The testimony establishes beyond any reasonable doubt that the grantor Mrs. Edwards, who had already moved away to make her home with her daughter at Jackson, Tennessee, at the time of the execution of the conveyance to George Stutts, fully intended to convey and that he fully intended to purchase the disputed area as being a part of the land specifically described in the deed. Moreover, it is unreasonable to suppose that under all of the facts and circumstances she intended to reserve a 7 acre strip of land within the enclosure of fields and pastures then being delivered to the grantee, without having ever mentioned such fact to either Mrs. Mary Edwards Kersh or G. C. Edwards, the daughter and son with whom she thereafter made her home, and who were unwilling to say in their testimony that she had any other thought than that she had sold to George Stutts all of the land that she owned in the vicinity where the land in question was situated.

It is strenuously urged, however, by the appellants, Mrs. Mary Edwards Kersh and the other heirs of Mrs. Carrie B. Edwards, that neither the said Mrs. Edwards nor her grantee George Stutts could have intended that the 7 acres now in dispute should be conveyed under the deed, because they say that neither the grantor nor grantee then knew that the said strip of land was in existence. This assumption is inaccurate. Manifestly, they both knew that it was in existence when the grantor pointed it out to the grantee in placing him in possession thereof, and he began to cultivate and pasture the disputed area the same as his grantor and her predecessor in title had done. The only fact of which they did not have knowledge was that the 7 acre strip was actually a part

of the SW¼ of SW¼ of Section 29, whereas they thought and understood that it was a part of the SE¼ of the SE¼ of Section 30, Township 10 North, Range 2 West, and that it was being conveyed as such. The contemporaneous construction by vendor and vendee evidenced by giving of possession will fix the true meaning and intent of the parties. Moore et al. v. Crump et al., 84 Miss. 612, 37 So. 109; Town of Como v. Pointer et al., 87 Miss. 712, 40 So. 260.

Then, it is contended by the appellants Mrs. Margaret Fouche Sorrells and her mineral lessees that George Stutts could not have entered possession of the disputed area in the honest belief that it was a part of the land described by governmental subdivisions in his deed of conveyance from Mrs. Carrie B. Edwards because of the fact that he served as a chain bearer some thirty-odd years ago when a surveyor is alleged to have located the true section line as being located along the West side of the said 7 acre tract. The proof discloses, however, that at that time George Stutts was a tenant of C. C. Sibley, that Sibley objected to the line as located by the surveyor and continued in possession of the disputed area as he had theretofore, and that after his death, which occurred while he still resided on the strip in controversy, such possession continued on the part of his daughter Mrs. Carrie B. Edwards until she later sold the land to the said George Stutts. Moreover, C. C. Sibley had already acquired a title to the disputed area by adverse possession at the time of such survey, and it was therefore immaterial as to where the surveyor may have located the true line.

It is also assigned for error by the appellants last above mentioned that the chancellor permitted witnesses to testify as to the reputation and tradition in the community as to the fence which ran North and South on the East side of the disputed area being the dividing line between the two properties. Such testimony may have been incompetent to establish such line in contradiction of the true survey, but it was nevertheless competent as

evidence of the notoriety of the claim of adverse posses-
sion thereto and of the fact that the disputed area was
within the long established enclosure of the Sibley place.

Finally, it is urged in connection with the third proposi-
tion hereinbefore stated for decision that the trial court
abused its discretion in permitting the amendment there-
in referred to so as to allow the complainants to allege
the mutual intention and understanding of Mrs. Carrie
B. Edwards and her grantee George Stutts in regard to
the disputed area being a part of the land then sold and
of which the grantee was placed in posesssion.

It will readily be seen, however, that if the issue stated
under the first proposition hereinbefore mentioned was
correctly decided by the chancellor against the holder of
the record title of the SW¼ of the SW¼ of Section 29,
that is to say, the appellants Mrs. Margaret Fouche Sor-
rells and her mineral lessees, then they would have no
interest in the question of whether the amendment of the
pleadings was properly and seasonably allowed as be-
tween the appellants George Stutts and his mineral les-
sees on the one hand and the appellants, Mrs. Mary
Edwards Kersh and the other heirs of Mrs. Carrie B.
Edwards, deceased, and their mineral lessees, on the
other, since they had lost the disputed area to the said
Mrs. Carrie B. Edwards and her predecessors in title
prior to the date of such conveyance on October 27, 1928,
and have never reacquired the same either by convey-
ance or adverse possession.

Nor can the appellants, Mrs. Mary Edwards Kersh and
the other heirs of Mrs. Carrie B. Edwards, deceased, and
their mineral lessees, successfully maintain that they
were unduly prejudiced by the allowance of the amend-
ment and the refusal of the court to grant a continuance
until the issue of mutual intention in the deed from their
ancestor to George Stutts could be met by proof, since
it was not stated in the motion for a continuance, nor
is it contended here that the said appellants would have
been able at a later date to offer testimony in contradic-

tion of that offered by the complainants on that issue and which proof was virtually assented to as being correct by two of the said appellants as aforesaid, they having testified in substance that they had never heard of the contention that their mother still owned the land in dispute until they were summoned to court in this suit, and it is inconceivable that such mutual intention could be successfully disputed under all of the facts and circumstances of this case. At any rate, since the chancellor was not advised by those requesting a continuance that there was any probability of such proof being made at a later date, he can not be held in error for denying the motion in that behalf.

We are of the opinion that the decision of the chancellor on the issues of fact was amply sustained by the proof and that the principles of law involved were correctly applied, and that therefore the decree appealed from should be in all respects affirmed.

Affirmed.