## PAGE v. O'NEAL

In Banc. Oct. 24, 1949.

No. 37210 (42 So. (2d) 391)

Wm. **Estopinal**, for appellant.

Buntin & McIntosh, for appellee.

## Montgomery, J.

Appellant brought this suit in the Chancery Court of Harrison County to confirm his title to a forty-acre tract of land. The holder of the record title to the lands, one Cyrus P. Dorward, was made defendant. Pending trial Dorward deeded the forty to S. E. O'Neal and, by agreement, O'Neal was substituted as defendant.

The original bill claims title by adverse possession under a parol gift from John Page for a period of more than ten years, under the provisions of Section 711 of the 1942 Code. The appellee answered, denying ownership of the land by appellant, denying the adverse possession, and asserting record title in himself. Appellee made his answer in a cross-bill, praying for the cancellation of appellant's claim as a cloud on his title. The court below, on the pleadings and the evidence, held that appellant had failed to prove his claim of adverse possession, dismissed the original bill, and, sustaining the prayer of the cross-bill, cancelled appellant's claim as a cloud on appellee's title. From that decree the cause comes here on appeal by the appellant, Clarence Page.

There was a sharp conflict in the testimony as to when the appellant began to occupy the land adversely, whether his occupancy was continuous, and as to whether it was of such nature as required by the statute. The

chancellor was justified by the proof in holding that appellant had not met the burden and proven his case by a preponderance of the evidence, and, even if there were no other deficiency in appellant's proof, we could not say the chancellor was manifestly wrong, as we must do, in order to reverse.

But there is another and controlling deficiency in appellant's proof. Appellant went into possession of the land under a parol gift from his father, who had no title to the lands by record or otherwise. He is here undertaking to assert title by adverse possession against the owner of the record title. Color of title, coupled with actual possession of a part of the land, constitutes constructive possession of the whole, and the adverse possession runs to the whole tract. Evans et al. v. Shows et al., 180 Miss. 518, 177 So. 786. Appellant, however, has no color of title, and his title by adverse possession, if any, runs only to such part of the land as was actually held by him in possession or enclosed or otherwise actually and continuously occupied by him for the statutory period of ten years. Brooks-Scanlon Co. v. Childs, 113 Miss. 246, 74 So. 147, 2 A.L.R. 1453; Dedeaux et al. v. Bayou Delisle Lumber Co., 112 Miss. 325, 73 So. 53; Kersh et al. v. Lyons, 195 Miss. 598, 15 So. (2d) 768; Delk v. Hubbard, 153 Miss. 869, 121 So. 845.

The proof for appellant shows that he moved on the land in the latter part of 1935, constructed a one-room house thereon in which he lived until 1940 when he added three rooms, and that he has resided on the land continuously since 1935. He says he had a garden and a potato patch and at one time had about two acres fenced in near his house, but that he did not keep up the fence and the only remnants remaining are pieces of barbed wire here and there. Appellant offered no proof as to where the house, the garden, the potato patch, or the two-acre tract is located on the forty, and there is in this record no means by which they or any of them, can be identified

and located on the tract. The remainder of the tract is second growth timber, which he says he guarded against fire and trespassers, and these are the only acts of ownership asserted by him over the timber land, except to keep off hunters. He paid no taxes on the land. It was assessed to the record owner who paid the taxes.

The burden of proof was on appellant to establish by competent evidence, in the lower court; what particular area was so used, cultivated, fenced, or actually occupied by him and where such areas were located on the tract, and to do this in such a way as to enable the court to determine its location and in its decree establish the area to which title has ripened by adverse possession. Evans et al. v. Shows et al., 180 Miss. 518, 177 So. 786. Here, there was a total failure of such proof and there is nothing in this record upon which the court below could locate the areas and describe them in its decree, even if the proof of adverse possession had been otherwise sufficient.

The decree of the lower court is affirmed.

Affirmed.