BROWN, et al. v. PITTMAN, et al.

Division B. Apr. 9, 1951.

No. 37851 (51 So. (2d) 732)

Hathorn & Hathorn, Morse & Morse and O. B. Triplett, Jr., for appellants.

346

Joe A. Thompson, Roy J. Goss, Henry Mounger and Heidelberg & Roberts, for appellees.

**Holmes, C.**

The appellee, Percy Pittman, brought this suit against the appellants and the State of Mississippi in the Chancery Court of Marion County, seeking to confirm in him title to forty acres of land described as the Northwest quarter of the Southwest quarter of Section 28, Township 3 North, Range 13 East, in Marion County. In his original bill, which was filed on July 16, 1946, he claimed title to the land under a Forfeited Tax Land Patent, and actual, open and adverse occupancy and possession thereunder, under a claim of ownership, continuously from

the date of issuance of said patent to him by the State of Mississippi on July 12, 1934, to the date of the filing of his original bill. He alleged in his original bill that on January 1, 1930, the land in suit was owned by W. H. Turner and legally assessed to the said W. H. Turner for taxes for the year 1930, and that on June 1, 1931, the said land was lawfully sold to the State of Mississippi for the non-payment of taxes for the year 1930, and that the same was not redeemed, and that after the expiration of the period of redemption, the title to said land lawfully vested in the State of Mississippi.

The State of Mississippi answered, neither admitting nor denying the allegations of the original bill, but submitting to the determination of the court the right of the complainant below to the relief prayed for.

The appellants, who are the devisees under the will of the said W. H. Turner, who died on June 30, 1938, filed an elaborate answer attacking the validity of the aforesaid tax sale and asserting that the same was wholly void and that the State of Mississippi acquired no title thereunder, and plead as an affirmative defense that the possession of said land by appellee was permissive and that he was estopped to assert his claim of adverse possession as against the said appellants.

The Humble Oil and Refining Company, asserting an oil, gas and mineral lease executed to it by appellee and his wife on the land in suit, intervened by permission of the court, and P. L. Rankin, H. L. Rankin, and G. H. Rankin, asserting an undivided one-half interest in the oil, gas and other minerals in said land under a mineral conveyance executed to them by appellee and his wife, likewise intervened by permission of the court.

The case was heard by the chancellor on the pleadings and on oral and documentary proof. The chancellor found that appellee acquired title to the said land by virtue of the said patent from the State of Mississippi, and that the consideration paid for said patent was adequate, and that there was no fraud perpetrated by appellee upon

the state in obtaining said patent, and that the said patent was valid and binding as against the State of Mississippi and all parties to the suit, and accordingly a decree was rendered and entered confirming the title to said land in appellee, subject to the aforesaid oil, gas and mineral lease held by the Humble Oil and Refining Company and subject to the aforesaid mineral conveyance executed by appellee and his wife to P. L. Rankin, H. L. Rankin, and G. H. Rankin, and the appellants prosecute this appeal from said decree.

Appellants rely upon two contentions for the reversal of the decree of the court below. They contend, first, that the tax sale in question was wholly void and vested no title in the state and that, therefore, no title passed to appellee by virtue of the aforesaid Forfeited Tax Land Patent, and, second, that appellee is estopped to assert his claimed actual and adverse possession of the land under said patent because his possession thereof was permissive.

We do not explore the question of the claimed invalidity of the tax sale for the reason that █ we are of the opinion that under the facts of this case the appellants, as the devisees of W. H. Turner, deceased, are precluded from any action to cancel appellee's title under the Forfeited Tax Land Patent by Section 717 of the Mississippi Code of 1942, which provides a period of two years in which such actions may be brought.

 █ The proof shows without dispute that when appellee obtained his patent from the state he went into immediate possession of the land and within three weeks thereafter enclosed the same with a fence, and began to clear up and cultivate the same, and within six months thereafter built a house thereon, which he permitted his sister and her children to occupy for about five years, and that he paid the taxes thereon, and executed deeds of trust thereon which were duly filed for record, and that he openly exercised ownership of the land and that such occupancy and possession and acts of ownership

continued uninterruptedly to the date of filing of the original bill in this cause and thereafter. We think that this open appropriation of the land by appellee was such as to convey visibile notice to the community or neighborhood that it was in his exclusive use and enjoyment as the claimed owner thereof, and that action to cancel his asserted title is barred by Section 717 of the Mississippi Code of 1942.

It is argued by appellants, however, that appellee is estopped to assert adverse occupancy and possession of said land as against them because his said possession was permissive. . The evidence on this issue is likewise undisputed. The land in question was originally a part of a large tract owned by the Austin Lumber Company and conveyed by the Austin Lumber Company to W. H. Turner on April 20, 1925. One Captain C. J. Welch looked after the lands for the Austin Lumber Company and continued to look after the same lands for W. H. Turner after the latter acquired them by the deed aforesaid. During the ownership of the lands by the Austin Lumber Company, Captain Welch gave the appellee permission to work one or two patches or one or two little fields on the land in suit. Under the permission, the appellee worked two small patches, consisting in the aggregate of not exceeding four acres. The description and identity of the two small patches, and the location thereof in the entire area of forty acres, are not disclosed by the record. It is argued by appellants that permission was granted the appellee to work all of the land that had no timber on it and since none of the land had timber on it appellee was in permissive possession of the entire forty acres. The evidence, however, does not support this contention of appellants. The entire proof with reference to the permission granted appellee is found in appellee's testimony, as shown by the following questions propounded to appellee and his answers thereto:

"Q. When you first went on there Captain Welch gave you permission to go? A. He told me there wasn't no timber on it and if I wanted to take in a patch to take it in.

"Q. He said you could take in that forty? A. No, sir, he didn't say I could take in the forty, he just said that little patch.

"Q. How much did you take in? A. I just had two little patches. * * *

"Q. You didn't go on it without his permission? A. No, sir.

"Q. You fenced up some for pasture with his permission? A. No, sir.

"Q. You told me so this morning? A. No, sir, I fenced up some for little patches—I only had one forty and I didn't have enough land, and he told me where it wasn't any timber I could clean it up—I could clean up a little field or two and attend them. * * *

"Q. How big were those patches? A. I don't know, sir, three or four acres."

Thus it will be seen that the only permission granted appellee was to "clean up a little field or two and attend them," or to work "a patch or two," and that he did not have permission to take in the entire forty acres. As to the two little patches which appellee worked, there is no proof as to the particular area which was so worked or as to the location thereof on the entire tract and there is no evidence upon which a court could locate or describe them. We think this proof is insufficient to sustain the defense of estoppel presented by appellants. Estoppel is affirmative matter and he who asserts it has the burden to establish the facts necessary to constitute it. 31 C. J. S., Estoppel, Sec. 160, p. 454; Canal-Commercial Trust & Savings Bank v. Brewer, 143 Miss. 146, 108 So. 424, 47 A. L. R. 45. All that is shown in the proof is that appellee had permission to work a patch or two or a little field or two and there is nothing in the record to locate or identify the particular areas which were worked. It could not be successfully contended that this proof would estop the appellee from asserting his possession to such parts of the land as were not embraced in the two little patches. If appellants are to estop the appellee from

asserting possession to the two little patches, then it devolved upon appellants under their affirmative plea of estoppel to identify and locate the particular area in the possession of appellee so that the court might be able to locate and identify the same. The holding of this Court in the cases of Evans v. Shows, 180 Miss. 518, 177 So. 786, 787, and Page v. O'Neal, 207 Miss. 350, 42 So. (2d) 391, 392, is analogous in principle. In the Evans case, supra, the Court said: ''It is shown, however, that from and after the death of John Calvert and his wife some of the appellants used, cultivated, and claimed as their own in severalty, for more than the statutory period of ten years, without paying or agreeing to pay any rent, small patches of land scattered about over the original Calvert tract, while other appellants paid rent to the predecessors in title of the appellees at one time or another on small patches used and cultivated by them. As to those who cultivated and claimed by continuous adverse possession for more than ten years certain patches of the land in severalty, without recognizing in any manner the title of the appellees, it is not shown as to what area in particular was so used, cultivated, and claimed by them, and there was no evidence from which the court below could determine their location.''

In the Page case, supra, the Court said: ''The burden of proof was on appellant to establish by competent evidence, in the lower court, what particular area was so used, cultivated, fenced, or actually occupied by him and where such areas were located on the tract, and to do this in such a way as to enable the court to determine its location and in its decree establish the area to which title has ripened by adverse possession. Evans v. Shows, 180 Miss. 518, 177 So. 786. Here, there was a total failure of such proof and there is nothing in this record upon which the court below could locate the areas and describe them in its decree, even if the proof of adverse possession had been otherwise sufficient.''

In view of the state of the proof in this case, we have concluded that the evidence is insufficient to sustain the plea of estoppel presented by appellants. ██ It is not material that the chancellor made no express finding on the issue of appellee's possession and based his decree on a finding that the tax sale and patent were valid, since the undisputed proof on the issue of appellee's possession supports the decree and any finding to the contrary on this issue would have been manifestly wrong. Therefore, even if the chancellor based his decree on an erroneous finding, which question we do not decide, the decree must be affirmed because it is supported by the undisputed proof on the issue of appellee's possession. This general principle is set forth in the note on page 743 of Griffith's Chancery (2d), as follows: "Therefore, where the chancellor bases his final decree, or any other decree, on one ground which is insufficient or erroneous, if there be another ground upon which the decree may be supported it must be affirmed. The appellant asserts by his appeal that the decree is wrong. If it be right, on whatever grounds it be right, there is no cause of appeal." We are accordingly of the opinion that the decree of the court below is correct and it is therefore affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the decree of the court below is affirmed.

**Hall, J.**, took no part.