PRICE *v.* MOSS.

May 12, 1952.

No. 38410 (58 So. (2d) 661)

**John Horan,** for appellant.

Will A. Hickman, and Chester L. Sumners, for appellee.

**Holmes, J.**

This is an action of unlawful entry and detainer brought by the appellee, William Harper Moss, as plaintiff, against the appellant, Lofton Price, as defendant, to recover the possession of land in Lafayette County. The special tribunal convened according to law to try the case rendered a judgment for the plaintiff. The defendant appealed to the Circuit Court where the case was tried de novo, resulting in a judgment for the plaintiff. From this judgment the appellant prosecutes this appeal.

The land involved was described in the appellee's original complaint and affidavit, and in the judgment, as follows:

The W½ of the NW¼ of Section 31, Township 7, Range 3 W, containing 80 acres more or less. Also a fractional part of the NE¼ of Sec. 36, Township 7, Range 4 W, containing 75 acres more or less. The above land being the same land deeded to Lofton Price on

December 24, 1919 by L. B. Buford, et al., and recorded in deed book 84, page 110 in the office of the chancery clerk of Lafayette County, Mississippi. And being the same land deeded to J. B. Brown by R. C. Jones, trustee, on May 1, 1937, and recorded in deed book 109, page 376, in the office of the chancery clerk of Lafayette County, Mississippi.

By way of defense the appellant filed an affidavit in which he denied that he was unlawfully withholding the possession of the land described as the W½ of the NW¼ of Section 31, Township 7, Range 4 W, 75 acres more or less in Lafayette County, Mississippi. It will be noted that the description of the land set forth in the appellant's affidavit does not correspond with any of the land described in the appellee's complaint. It is inferable from the record, however, that the appellant was undertaking to defend as to that land described in the appellee's complaint as a fractional part of the NE¼ of Section 36, Township 7, Range 4 West, containing 75 acres more or less, but that he erroneously described in his affidavit this particular tract. The appellant also in his affidavit asserted title and the right of possession to the land under a claim of adverse possession.

The record discloses the following undisputed facts: The appellant acquired the land by purchase in 1919. In May, 1937, the land was conveyed to J. B. Brown by a Trustee's deed which was manifestly executed pursuant to the foreclosure of a deed of trust. The appellee purchased the land from J. B. Brown in 1941, but a deed thereto pursuant to said purchase was not obtained by the appellee until April 16, 1951. Upon the appellee's purchase of the land in 1941 he immediately contacted the appellant and advised him of his purchase and inquired of him if he desired to remain on the land as a tenant. An agreement was reached between the appellee and the appellant whereby the appellee rented the land to the appellant for the year 1941 at a rental of two five hundred pound bales of cotton. A like agreement

was entered into between the appellant and the appellee for each of the years 1942, 1943, 1944, and 1945, and the appellant paid to the appellee the agreed rent for each of said years. In the year 1946 the appellant's son, Ike Lofton, returned from the Army, and the appellee then entered into an agreement with appellant and his son Ike, whereby the appellee rented to the appellant the land for the year 1946 at a rental of three five hundred pound bales of cotton. A like rental contract was made for each of the years 1947, 1948, and 1949, and the rent paid for each of said years. A new rental contract was entered into between the appellee and the appellant and his son Ike for the year 1950, whereby it was agreed that the appellant's son Ike would be permitted to make a crop on the land for said year, and the appellant would be permitted to live on said land for said year, and the appellee was to receive one-fourth of the crop as rent, and the possession of the land was to be surrendered to the appellee at the expiration of the year 1950. The appellee demanded possession of the land at the expiration of the year 1950, and such possession was refused. The appellee then instituted this suit against the said Lofton Price, there being no disclosure in the record as to whether the said Ike Price had removed from the land or not.

The appellant urges numerous grounds for the reversal of the judgment of the court below. He first contends that no written notice was given by the appellee to vacate the premises. There is no basis in the record, however, for this contention. The undisputed proof shows that the final rental agreement between the parties was for the rental of the land for the year 1950, and that possession of the land was to be surrendered to the appellee at the expiration of the year 1950. The rental term was therefore for a fixed period, and was to expire at a fixed time, namely, the expiration of the year 1950. It is only where the rental term is not

to expire at a fixed time that notice to quit becomes necessary. Section 946, Mississippi Code 1942.

It is also contended by the appellant that he was in continuous and actual occupancy of the land since the conveyance of the same by the trustee's deed to J. B. Brown in May, 1937, and that he is therefore vested with title to the land and the right of possession thereof by adverse possession. We think this contention of the appellant is untenable. According to the undisputed proof the appellee purchased the land in 1941 and took possession thereof, and thereafter rented the land to the appellant for each of the years 1941 to 1950, both inclusive, and the appellant recognized the existence of the relationship of landlord and tenant as between him and the appellee by entering into such rental agreements and paying rent to the appellee pursuant thereto. It is well settled that a tenant cannot assert title adverse to his landlord. Wilson v. Peacock, 111 Miss. 116, 71 So. 296; Stier v. Surget, 10 Smedes & M. 154; Shell Pet. Corp. v. Yandell, 172 Miss. 55, 158 So. 787.

 Again, the appellant argues that the appellee is not entitled to maintain his action because the same was not brought within one year after the execution of the trustee's deed to J. B. Brown in May, 1937, it being contended by the appellant that he has since the date of said deed been in the continuous occupancy and possession of said land and that any right of action to dispossess him accrued as of date of said trustee's deed. He relies upon Section 1033 of the Mississippi Code of 1942 providing that an action of unlawful entry and detainer must be brought within one year after the right of possession accrues. The fallacy of the appellant's argument, however, is revealed by the facts of this case. The appellee purchased the property in 1941, and thereafter rented the land to the appellant under separate agreements for each of the years 1941 to 1950, both inclusive. Under a specific agreement made for the rental of the land for the year 1950 the appellant was under an ob-

ligation to surrender the possession of the same at the expiration of said year. Appellee's right to the possession of the premises did not accrue until January 1, 1951. This action was brought on April 24, 1951, and it is apparent, therefore, that the action is not precluded by the provisions of Section 1033 of the Mississippi Code of 1942.

It is finally contended, however, that the judgment of the court below should be reversed because the description of the property disclosed by the record is void for indefiniteness and uncertainty. We think there is merit in this contention of the appellant in so far as concerns a part of the land involved. The description of the land as disclosed by the record is as follows: The W½ of the NW¼ of Section 31, Township 7, Range 3 W, containing 80 acres more or less; also a fractional part of the NE¼ of Section 36, Township 7, Range 4 W, containing 75 acres more or less. There is no uncertainty in the description as to that part of the land described as the W½ of the NW¼ of Section 31, Township 7, Range 3 West, containing 80 acres more or less. ■■ ■ The description of the remaining land, however, which describes the land as a fractional part of the NE¼ of Section 36, Township 7, Range 4 W, containing 75 acres more or less, is so indefinite and uncertain as to be void. Delk v. Hubbard, 153 Miss. 869, 121 So. 845. No proof was offered to more definitely identify and describe the land to the end that a more definite and certain description thereof could be incorporated in the judgment so as to enable the sheriff to go upon the land and locate it without the necessity of inquiry dehors the record. On the contrary, this indefinite and uncertain description is the only description of this particular tract set forth in the judgment. In the case of Paden v. Gibbs, 88 Miss. 274, 40 So. 871, which dealt with an action of unlawful entry and detainer, the court said "■■ ■ The record must be so certain that the sheriff could go to the land from the description there to

be seen. * * * he could not act on inquiry dehors the record."

It follows, therefore, that the judgment of the court below is affirmed in so far as it affects the land described as the W½ of the NW¼ of Section 31, Township 7, Range 3 W, containing 80 acres more or less, but it is reversed and remanded in so far as it affects the land described as a fractional part of the NE¼ of Section 36, Township 7, Range 4 West, containing 75 acres more or less.

Affirmed in part and reversed and remanded in part.

**Roberds, P. J.,** and **Alexander, Lee** and **Arrington, JJ.,** concur.