COFER, Justice,
for the Court:
Appellant Hardy has appealed from a decision and decree in favor of appellee Wheaton in the Chancery Court of the Second Judicial District of Jasper County, in a suit brought by appellant to set aside a deed, or, alternatively, for award of damages to her.
Appellant had conveyed to her son a 4/6 interest she owned in some lands in Jasper County. The deed was executed and recorded on March 23, 1976, and on March 23, 1977, the grantee, her son, died leaving no will and with his wife, the appellee, as his only heir. On April 14, 1978, appellant brought this suit for cancellation of the deed as a cloud on her title or for damages, her suit being based on her claim that the deed had as consideration the son’s agreement to care for and to support her the remainder of her life, and that he breached this agreement. In the event of the award of damages, she prayed that the same be secured by a lien on the realty involved.
In appellee Wheaton’s answer to the bill of complaint, she included affirmative defenses of estoppel and laches, and, on the hearing, she requested and was granted advance hearing thereon. No proof was adduced, and the pleas were sustained on the original bill, answer thereto, complainant’s answer to the affirmative matters in the answer, and arguments of counsel for the parties.
*791 Cloud suits are governed by the limitation of action contained in Mississippi Code Annotated, section 15-1-9 (1972). Enochs v. Miss. Tower Bldg., Inc., 210 Miss. 676, 699, 50 So.2d 551, 558 (1951).
Where there is a controlling statute of limitation, as in this case, laches will not bar the suit while the statute is running. Continental Oil Co. v. Walker, 238 Miss. 21, 34, 117 So.2d 333, 337 (1960), and authorities therein cited. Enochs v. Miss. Tower Bldg., Inc., supra; Bolden v. Gatewood, 250 Miss. 93, 119, 164 So.2d 721, 732 (1964).
The pleas of estoppel and laches called for proof on both sides, and there was none on either side. Baker v. Nason, 236 F.2d 483, 493 (5th Cir., 1956). The burden was on appellee to prove the facts necessary to sustain the plea. Brown v. Pittman, 211 Miss. 344, 351, 51 So.2d 732, 734 (1951).
As to estoppel, this Court, in McAlister v. McAlister, 254 Miss. 877, 885, 183 So.2d 513, 516 (1966) quoted from Crowe v. Fotiades, 224 Miss. 422, 80 So.2d 478 (1955), defining the requirements for the operation of estop-pel as follows:
The essential elements of estoppel are conduct and acts, language or silence, amounting to a representation or concealment of material facts, with knowledge or imputed knowledge of such facts, with the intent that representation or silence, or concealment be relied upon, with the other party’s ignorance of the true facts, and reliance to his damage upon the representation or silence. .
(224 Miss. at 443-444, 80 So.2d at 486).
If estoppel is present in this case, then it would take proof to reveal it, and there is none as to any of these constituents thereof.
In affirmative matters in appellee’s answer, she claims herself as equivalent to that of “an innocent purchaser for value without notice.”
In his brief her attorney hints at this argument but does not make it.
She was not an innocent purchaser for value without notice. Rather, she inherited the land, as it was, and took it subject to whatever claims were against it, and subject to her deceased husband’s debts. Gift v. Love, 164 Miss. 442, 144 So. 562, 86 A.L.R. 63 (1932).
Appellant cited the opinion in Gregory v. Gregory, 364 So.2d 280, on the docket of this Court. The opinion was “not designated for publication” and should not have been cited in this case. Mississippi Supreme Court Rule 43(e).
Appellant is entitled to a hearing on the merits of her case, and we, therefore, reverse the lower court.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.